**UNITED STATES of America, Plaintiff,**

v.

**HENRY'S BAY VIEW INN, INC., et al., Defendants.**

United States District Court
S. D. New York.

Dec. 13, 1960.

Robert E. Scher, U. S. Atty., Washington, D. C., for plaintiff.

Charles W. Ticke, New York City, for John M. Winters, Inc.

Grey & Murphy, New York City, for Henry's Bay View Inn, Inc., Rad Ass'n & Grey & Murphy.

John C. MacCarthy, New York City, for the insurance companies.

Louis J. Lefkowitz, New York City, for the Industrial Commission.

Sahn, Shapiro & Epstein, New York City, for Austin Nichols & Co.

Charles H. Tenney, New York City, for City of New York.

Giller & Dreyer, New York City, for John H. Lodes.

McGOHEY, District Judge.

This is an action brought by the United States under section 7403 of the Internal Revenue Code of 1954 (26 U. S.C. § 7403) to enforce a tax lien against Henry's Bay View Inn. The inn was insured under four insurance policies and was damaged by fire in April, 1958, while the policies were still in force. Claimants of the proceeds other than the United States, are made defendants.

The plaintiff obtained an order staying defendant insurance companies from paying out any of the proceeds. Defendant insurance companies filed an answer and cross complaint against the other defendants alleging ignorance of the respective rights of the various claimants, admitting their liability under the policies as adjusted by the New York Board of Fire Underwriters and declaring their willingness to pay the sum due into court. Three parties were subsequently joined by defendant insurance companies. The insurance companies now move to be allowed to pay the sum due into court, to be discharged and to recover costs from the sum deposited.

There is no opposition to the motion other than an oral argument by the United States seeking to have the insurance companies pay interest on the amounts due and to deny them recovery of costs.

Jurisdiction of this action is based on 28 U.S.C. § 1345, giving the District Court original jurisdiction of all civil actions commenced by the United States. Under Rule 22, F.R.Civ.P., 28

U.S.C., a defendant in any civil action, who is exposed to multiple liability from adverse claimants, may, by cross-claim, interplead the adverse claimants. This enables the District Court to entertain the interpleader under its equitable powers. Under 28 U.S.C. § 2361, the court has the power to grant the relief sought on this motion.

The defendant insurance companies have alleged grounds which entitle them to discharge and there is no opposition to the grant of this relief. The only question is whether costs should be allowed out of the fund and whether interest should be added thereto.

■ Interest is generally allowed when it is provided for by contract or statute or as a compensatory element for wrongful detention of money when there is a duty to pay. United States v. McDonald Grain and Seed Co., D.C.D.N.D. 1955, 135 F.Supp. 854; New York Life Ins. Co. v. Cooper, D.C.S.D.N.Y.1944, 76 F.Supp. 976. The motion papers disclose no contractual provision requiring the defendant insurance companies to pay interest on the money tendered. Neither federal nor state statutes prescribe any rule which governs interest in such a case as this. Accordingly, the court has discretion to decide whether any actions of the defendant insurance companies warrant the imposition of interest on the fund. The papers disclose nothing warranting an allowance of interest. Cf. John Hancock Mutual Life Ins. Co. v. Doran, D.C.S.D.N.Y.1956, 138 F.Supp. 47; Aetna Life Ins. Co. v. Du Roure, D.C.S.D.N.Y.1954, 123 F.Supp. 736.

■■ Costs including reasonable attorneys' fees are generally allowed from the fund to a successful disinterested stakeholder. Globe Indemnity Co. v. Puget Sound Co., 2 Cir., 1946, 154 F.2d 249; Aetna Ins. Co. v. Dickler, D.C.S.D. N.Y.1951, 100 F.Supp. 875. When the United States is asserting a tax lien and is one of the parties impleaded, the question becomes whether the stakeholder can recover costs from the fund to which the United States may acquire title This question arises from two considerations: first, 28 U.S.C. § 2412(a) which permits costs to be assessed against the government only when provided by Congress; and, second, the priority of the tax lien over the stakeholder's right to costs. Where the lien priority has been decided in favor of the United States and the fund is not sufficient to leave a balance after the lien has been satisfied, it is clear that costs will not be allowed to the stakeholder. United States v. R. F. Ball Const. Co., Inc., 1958, 355 U.S. 587, 78 S. Ct. 442, 2 L.Ed.2d 510; United States v. Liverpool & London & Globe Ins. Co., Ltd., 1955, 348 U.S. 215, 25 S.Ct. 247, 99 L.Ed. 268; Narragansett Bay Gardens, Inc. v. Grant Const. Co., D.C.D.R.I. 1959, 176 F.Supp. 451; Ford Motor Co. v. Hackart Const. Co., D.C.D.N.J.1956, 143 F.Supp. 216. However, where the tax lien priority is not adjudicated and the fund exceeds the amount claimed by the government, there is no reason to deny costs and attorneys' fees to the disinterested stakeholder otherwise entitled to them since the elements requiring departure from the general rule are not present. See United States v. Ullman, D.C.E.D.Pa.1953, 115 F.Supp. 211. Here the fund offered is $23,750 and the tax lien asserted by the government is for $6,644.32.

The motion is granted.

Settle order in accordance herewith.