CLEMENT M. MOSS, Judge ad hoc.
This is an appeal by Delvaille H. Theard, the assignee of Warren A. Doll, the defendant in the case of City of New Orleans v. Doll, 224 La. 1046, 71 So.2d 562. The appeal is taken from the judgment of the district court maintaining an exception of no right or cause of action. The claim herein is for interest.
The facts in the case show that Warren A. Doll acquired from the State of Louisiana a certain portion of ground situated in the City of New Orleans at a sheriff’s sale in 1949. At the time of its adjudication the lot was encumbered with a paving lien in favor of the City of New Orleans.
On September 20, 1950, the City brought an action to expropriate the property against tlie owner Warren A. Doll. Following a stipulation by the parties that the property had a valuation of $2,500.00, judgment was entered decreeing the City to be the owner, with the reservation that “The right of the defendant Warren A. Doll and of the City of New Orleans are specifically reserved to them for their respective claims as to the disposition of the said fund” and the sum agreed upon was deposited by the City with the Civil Sheriff in full payment of the price. From this judgment the defendant Doll took a devolutive appeal.
Doll then requested the City to release the fund on deposit to him. The City, however, resisted the payment of the deposited fund to Doll contending that its paving lien should be first satisfied out of this fund. Doll thereupon filed a rule in the proceedings in which he maintained that, having acquired the property from the State for its market value under the provisions of Act 237 of 1924, as amended, he had obtained a perfect title unencumbered by any prior tax or paving liens which may have rested on the property. After a hearing on this rule, the district judge decided adversely to Doll, and rendered a judgment recognizing the City’s paving lien. From this judgment the defendant Doll took a suspensive appeal.
Both of Doll’s appeals were perfected separately and filed in the Supreme Court, but were consolidated by that court for judgment. In this judgment, which was rendered on February 15, 1954, the Supreme *35 Court reversed the lower court, and ordered “that the sum of $2,500 on deposit with the Civil Sheriff for the Parish of Orleans, representing the amount for which the property described in the judgment has been expropriated by the City of New Orleans, be paid to the appellant, Warren A. Doll, and that he further have judgment for all costs of these proceedings”. City of New Orleans v. Doll, supra. This judgment was made the judgment of the district court on March 30, 1954, on the motion of Warren A. Doll.
On April 21, 1954, the defendant Warren A. Doll filed three rules.
(1) The first rule was for Court costs.
(2) The second rule was for interest on the fund ($2,500.00) withheld and frozen by the City from May 9, 1951 (the day the City took possession of the property) to April 21, 1954, to-wit: two years, eleven months and fifteen days at 5% interest, or $369.60. It is this claim for interest, which the defendant Doll assigned to the appellant herein, Delvaille H. Theard, which is the sole controversy presented by this appeal.
(3) The third rule was for the amount of the deposit.
The rule for costs was not tried, as the City admitted liability and tendered payment. On the trial of the third rule, the Court ordered the deposit ($2,500.00) paid to Doll on April 23, 1954, and it was delivered to him on April 27, 1954. On the rule for interest the City filed exceptions of no right or cause of action on the ground that the defendant Warren A. Doll had sought to recover both interest and cost in his appeal to the Supreme Court, and the Supreme Court had seen fit in reversing the lower court to grant the defendant Doll only cost. The trial court sustained the City’s exceptions of no right or cause of action, and from this judgment the appellant Delvaille H. Theard, the assignee of the defendant Warren A. Doll, appeals.
The trial judge, in his written reasons for'judgment, stated:
“In his original rule for the payment of the $2,500.00 filed on May 14, 1951, Doll did not ask for interest. Interest cannot be allowed by judgment unless the same shall be expressly claimed— Art. 157 — 553—554—C.P.
“The judgment of the Supreme Court terminated the issues between the parties. Accordingly, the present rule for interest will be dismissed at mover’s costs.”
With these conclusions of the trial judge this court agrees. The trial court’s decision is not only in accord with the express wording of Article 553 of the Code of Practice of 1870, but is supported in its interpretation of this article by the Supreme Court’s decision in Cerniglia v. City of New Orleans, 234 La. 730, 101 So.2d 218, a case very similar to the one under consideration here.
The Cerniglia case was an action by property owners against the City of New Orleans for alleged damage to their property resulting from the construction of an underpass. From an adverse judgment of the lower court the appellant City appealed to the Supreme Court. The Supreme Court upheld the lower court in its award for damages for the diminution in market value of the appellees’ property as a result of the construction of the underpass. In their application for re-hearing before the Supreme Court, the appellee property owners complained that the court erred in failing to allow interest at the legal rate from the date of judicial demand, as prayed for in their answer to the appeal. The Court, in a per curiam opinion, said:
“In their answer to the appeal ap-pellees prayed that the judgment be amended ‘by increasing .the amount allowed therein for damages to $14,500 and awarding legal interest from date of judicial demand until paid * * * ’. However, it was and is significantly *36 observed that in their petition [in the trial court] plaintiffs failed to expressly claim legal interest from the date of judicial demand. * * *
“Article S53 of the Code of Practice provides : ‘Interest shall not be allowed by the judgment, unless the same have been expressly claimed, and then only in cases in which the law permits such interest to be stipulated.’
“Manifestly, having failed to expressly claim any interest due as required by Code of Practice, Article 553 the judgment of the lower court could not have allowed the same and our affirmance of the judgment rendered below is in full compliance with our law.”
This Court can see little difference between the Cerniglia case and the one here, except that in the Cerniglia case a constructive rather than actual taking was involved. This we do not believe in any way destroys the rule of the Cerniglia case, based on Article 553 of the Code of Practice of 1870, that the property owners’ prayer for interest must be presented first to the lower court in the property owners’ original petition.
Admittedly, Doll’s original petition contained no prayer for interest. Indeed, the appellant strongly stresses the fact that at no time did the defendant Doll ask for interest until he filed his rule for such on April 21, 1954. It is the appellant’s contention that Doll could not have asked for interest in his original suit as he had no way of knowing when, if ever, the full amount of the fund would be delivered to him. While this is true, it would have sufficed, as indeed it is the accepted custom, to pray for interest from the time of judicial demand until paid. If Doll was entitled to the fund, he was entitled to interest, and under Article 553 of the Code of Practice, interest cannot be allowed by the judgment, unless the same has been expressly claimed, and then it must be so claimed in the claimant’s original petition. Cerniglia v. City of New Orleans, supra.
The appellant, however, contends that Article 553 of the Code of Practice applies only to conventional and stipulated interest ; that what he is asking for her is not actually interest, but a deficiency in the price of the property expropriated on the theory that not having been paid the price contemporaneously with the taking as required by Article 1, Section 2, of the Louisiana Constitution of 1921, LSA, he is entitled to this additional sum to be made whole. Although there is language to be found in some of the cases dealing with expropriation which distinguish this additional remuneration from true conventional interest, the language is directed to the argument that a public expropriation authority cannot be cast for interest. Harrison v. Louisiana Highway Commission, 202 La. 345, 11 So. 2d 612; Sholars v. Louisiana Highway Commission, La.App.2d Cir., 6 So.2d 153. However, it is clear that, for all other purposes, this deficiency in price is to be treated as conventional interest. But assuming, ar-guendo, that appellant’s contention is correct, that his claim is not for interest, but for a deficiency in the price, his claim would still be barred under the doctrine of res judicata, as the doctrine of res judicata applies not only to those pleas and defenses which were made in a suit, but to every plea or defense which might have been made. Morgan v. Calligam, La.App.2d Cir., 171 So. 132. If the appellant was entitled to the fund, he was entitled to interest on the fund, and having failed to have asked for such in his original suit, which was finally adjudicated by the Supreme Court, he is now barred from claiming such under the doctrine of res judicata. What the appellant is really trying to do is to bring a separate suit for interest and this cannot be sanctioned by the court. To do so, would result in a multiplicity of suits, involving a determination, piece-meal, of a plaintiff’s entire claim arising out of one transaction.
For the foregoing reasons the judgment of the trial court is hereby affirmed; the appellant to pay the costs of this appeal.
Judgment affirmed.