The EQUITABLE LIFE ASSURANCE SOCIETY OF the UNITED STATES, Plaintiff,

v.

Esther R. MILLER and Lorna N. Miller, Defendants.

No. 6–63–Civ. 355.

United States District Court
D. Minnesota,
Sixth Division.

May 22, 1964.

LARSON, District Judge.

This is an interpleader action brought under 28 U.S.C. § 1335, requesting a discharge from liability under 28 U.S.C. § 2361. The plaintiff insured the life of one Frank G. Miller in 1933. In 1937 Miller named his then wife, Esther R. Miller, as beneficiary of the policy in question. In 1942 Frank and Esther R. Miller were divorced and Miller subsequently married Lorna N. Miller, who was his wife at the time of his death in 1962.

Both defendants filed claimant's statements with the plaintiff with regard to the policy. Defendant Esther R. Miller is the named beneficiary of the policy, and the Order granting the Esther R. Miller-Frank G. Miller divorce contained a provision ordering that Esther R. Miller be made the beneficiary of insurance on Frank G. Miller's life adequate to protect her interest in future alimony payments. After his remarriage Frank G. Miller asked the plaintiff to change the beneficiary designation of the policy in favor of Lorna N. Miller. She is the beneficiary under his will.

After receiving the second claimant's statement, the plaintiff issued a check payable to the order of both defendants. In November, 1963, Esther R. Miller commenced a State court action against the plaintiff, and on December 6, 1963, an Order of this Court issued restraining Esther R. Miller from prosecuting the State court action and restraining Lorna N. Miller from commencing an action against the plaintiff.

The instant motion requests an Order:

1. Permitting plaintiff to deposit $7,-225.00, the "admitted liability of plaintiff to defendants," in Court and releasing the plaintiff from all liability to either defendant as to the $7,225.00;

2. Awarding plaintiff its costs and disbursements and reasonable attorneys' fees to be paid out of the $7,225.00.

Richard H. Kyle, St. Paul, Minn., for plaintiff.

Albert H. Newman, Minneapolis, Minn., for defendant Esther R. Miller.

Paul Van Valkenburg, Minneapolis, Minn., for defendant Lorna N. Miller.

At the hearing on the motion the question of whether plaintiff should pay interest on the $7,225.00 was raised.

1. There are two adverse claimants to the benefits of the policy; the plaintiff is a mere stakeholder with no interest in the outcome of the dispute between the two defendants. "[A] stakeholder, acting in good faith, may maintain a suit in interpleader for the purpose of ridding himself of the vexation and expense of resisting adverse claims * *." Hunter v. Federal Life Ins. Co., 111 F.2d 551, 556 (8th Cir. 1940). Neither claim is so wanting in substance as to make this use of interpleader unjustified. Compare Bierman v. Marcus, 246 F.2d 200 (3rd Cir. 1957); John Hancock Life Ins. Co. v. Beardslee, 216 F.2d 457 (7th Cir. 1954). The use of the interpleader device is thus proper and the plaintiff will be discharged from litigation.

In her brief defendant Esther R. Miller makes the statement that the plaintiff disputes the "full amount to be deposited in Court" and, therefore, has an interest in the subject matter of the dispute so as to disqualify it as a disinterested stakeholder. The reference is apparently to the question as to interest on the policy amount. The subject matter of the dispute is the proceeds of the policy. Whether or not the plaintiff must pay interest on this amount is irrelevant to the argument between the defendants. The plaintiff's position on the interest is the same as to each defendant, and it is no more interested in the outcome of the dispute between them because of the argument over interest than it is because it claims attorneys' fees and the defendants dispute the claim.

2. Plaintiff requests attorneys' fees of $500; both defendants resist. Plaintiff argues that reasonable attorneys' fees are allowed the interpleading plaintiff in Federal interpleader actions; defendants argue that such fees should only be allowed if allowed by the courts of the State in which the Federal court sits, citing Erie R. R. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). Since the reported cases in Minnesota applying the Minnesota interpleader rule (Minn.R.Civ. P. 22) do not reflect awards of attorneys' fees, defendants says that such fees should not be awarded in the instant proceeding.

The general rule in the Federal courts has been that a disinterested stakeholder who is threatened with multiple liability and who interpleads the claimants is entitled to attorneys' fees. See cases cited in Anno. 48 A.L.R.2d 190, 194–95 (1956). Where this rule conflicts with the State rule, Federal courts have reached contrary results. Compare Aetna Life Ins. Co. v. Johnson, 206 F.Supp. 63 (N.D.Ill. 1962), (Denying attorneys' fees because denied by State courts) with Palomas Land & Cattle Co. v. Baldwin, 189 F.2d 936, 938 (9th Cir. 1951) (Granting attorneys' fees though State courts do not.)

The starting point for analysis of the question of whether State or Federal law applies is the interpleader statute itself. Do the policies expressed in the interpleader statute require the application of Federal decisional law to the issue of attorneys' fees for an interpleading plaintiff? If no Federal interest is perceived, State law should be applied.

The availability of nationwide service of process under Federal interpleader (28 U.S.C. § 2361) provides a party who may be subjected to multiple liability with a remedy in the Federal courts which would be unavailable to him in any State court. That is the situation in the instant case where the two defendants are apparently citizens of Minnesota and of Arizona. There would seem to be a question as to the application of Erie at least in an interpleader case where a State court could not grant interpleader but where a Federal court is authorized by a Federal statute to grant it. If a uniform Federal rule is deemed necessary to effectuate the statute, the doctrine of Erie would not seem to bar such a rule. Professor Moore has stated:

> "[W]e suggest that state law should not control. The federal statutes on interpleader were designed to pro-

tect a party against rival claims in situations where formerly he had no effective remedy; and the federal courts should be able to effectuate this protection by awarding him reasonable counsel fees pursuant to traditional and long established equitable principles." 6 Moore, Federal Practice § 54.77[2], p. 1352 (2nd ed. 1953).

The award of attorneys' fees may not be necessary to the fulfillment of the legislative policy of the interpleader state in which case the proper law to be applied would be State law. This question need not be determined here. Because there is no mention of attorneys' fees in the decisions of the Minnesota Supreme Court involving interpleader does not mean that the Minnesota court would not award them if the issue was put to it. On the contrary, the rule allowing modest fees is a salutary one:

> "The propriety of such a rule is evident. Where the mere holder of a disputed fund has no interest in the fund, but is only interested in seeing that the proper party receives it, the expense of establishing the proper recipient obviously should not be born by the stakeholder." Greenberg v. Equitable Life Assurance Co., 167 F.Supp. 112, 118 (D.Minn. 1958) (Nordbye, J.).

The fees awarded in cases of this nature are generally modest since the expenditure of time involved is not great and the fund limited. Attorneys' fees of $200 will be awarded, plus $44.60 for service and filing fees. The award of attorneys' fees is, of course, without prejudice to the rights of plaintiff's counsel for additional attorneys' fees from his client.

3. The defendants claim that the plaintiff should pay interest on the $7,-225.00, but they do not specify at what point this interest commenced running. The insured died on July 23, 1962. During the following week both defendants filed claimant's statements with the plaintiff and on July 30, 1962, the plaintiff issued the aforementioned check payable to the joint order of the defendants.

Interest is either compensation for the use of another's money or it is an amount awarded for the default resulting from a refusal to pay money when due. In the former sense the liability is contractual, and a person is not chargeable with interest unless he has agreed to pay it, while in the latter sense the damage resulting from delay in making the payment is the value of the use of the money measured by the statutory rate of interest. Lund v. Larsen, 222 Minn. 438, 24 N.W.2d 827 (1946). Once proofs of loss have been made a denial of liability will subject an insurer to liability for interest from that date. Perine v. Grand Lodge A. O. U. W. of Minn., 51 Minn. 224, 53 N.W. 367 (1892). The same rationale would appear to require the insurer to pay interest where there has been unreasonable delay in paying the proceeds of the policy though no formal denial of liability.

In the instant case after receiving the two claimants' statements the plaintiff issued a check payable to the defendants jointly. This kind of payment would seem to be an insufficient tender, for it is based on the implied condition that the two rival claimants settle their differences. As a conditional tender it cannot stop interest from running. Northern Pac. R. R. v. Goss, 203 F. 904 (8th Cir. 1913). Where there are conflicting claimants to the proceeds of an insurance policy, "the better rule would seem to be that if the insurer admits its liability on the policy to some person, it should be required to interplead the conflicting claimants promptly." 3 Appleman, Insurance Law and Practice § 1584 (1941). This procedure is apparently the one the instant plaintiff originally intended to follow; however, it did not commence the interpleader action until one and one-half years after the death of the insured, because counsel for the rival claimants requested this forbearance in order to have time to attempt to work out a settlement. It is not clear why the settlement negotiations could not have taken place subsequent to the deposit of the policy proceeds in court pur-

suant to an interpleader action. While the plaintiff had the use of the proceeds during the negotiation period, it did not agree to pay interest on this amount. There was never a refusal to pay, so the damage theory of interest is inapplicable. It would seem improper to charge the insurer with interest it never contracted to pay; the matter should have been worked out among the parties in some manner which would have assured interest to the ultimate recipient of the fund. This could easily have been done by a deposit at interest in an account bearing the names of both claimants or their counsel.

Plaintiff's counsel will within five days submit an Order for Judgment.