Zylphia L. POWERS

v.

METROPOLITAN LIFE INSURANCE COMPANY et al.

Kenneth N. Powers, Appellant.

No. 22618.

United States Court of Appeals, District of Columbia Circuit.

Argued Sept. 16, 1970.

Decided Jan. 20, 1971.

Mr. John C. LaPrade, Washington, D. C., for appellant.

Mr. John Eris Powell, Washington, D. C., for appellee.

Before BAZELON, Chief Judge, MacKINNON, Circuit Judge, and CHRISTENSEN,* U. S. District Judge, District of Utah.

CHRISTENSEN, District Judge:

In this interpleader[1] action one of the claimants appeals from the order of the district court dismissing the interpleader party from further liability, with attorney's fees.[2] This appeal involves only questions of the liability of appellee for interest, and related procedures.

---

\* Sitting by designation pursuant to Title 28, U.S.Code, Section 292(c).

1. *See* Rule 22, Interpleader
    "(1) Persons having claims against the plaintiff may be joined as defendants and required to interplead when their claims are such that the plaintiff is or may be exposed to double or multiple liability. * * * A defendant exposed to similar liability may obtain such interpleader by way of cross-claim or counterclaim."
    *See also* 28 U.S.C. §§ 1335, 2361.

2. No substantial question concerning the award of attorney's fees is raised. It appears from the record that the award did not cover any services after the question of interest arose.

Archie Powers, an employee of the Office of the Architect of the United States, died on January 28, 1968. He was insured for $21,000 with double indemnity for accidental death by Metropolitan Life Insurance Company, the appellee, under a group policy issued to the United States Civil Service Commission pursuant to the Federal Employees Group Life Insurance Act of 1954, as amended, 5 U.S.C. § 8701 *et seq.* Both the deceased's widow, Zylphia Powers, and his brother, Kenneth N. Powers, the appellant herein, presented claims to the insurance company. The widow asserted that as the original primary beneficiary under the insurance policy she was entitled to the proceeds upon the ground that a subsequent change of beneficiary in favor of appellant was made at a time the deceased was of unsound mind. Appellant denied this assertion.

Subsequent to the filing of claims this suit was brought by the widow, individually, and as administratrix of her deceased husband's estate. In its answer the appellee insurance company admitted liability for the double indemnity amount, $42,000, and sought to interplead the adverse claimants by way of counterclaim and cross-complaint. The claimants having set up their respective claims to the $42,000, pursuant to order of the court, that amount was deposited by the insurance company in the registry of the court on July 10, 1968.

On August 23, 1968, the insurance company filed a motion for discharge and for the allowance of attorney's fees and costs. The appellant thereupon filed an opposition to this motion and a claim for interest on the amount deposited. Each claimant in initial pleadings had sought simply the $42,000 and "general relief"; but in the appellant's opposition to the insurance company's motion for discharge, appellant for the first time stated that the insurance company was contractually obligated to the appellant as a third party beneficiary "for the full sum of $42,000 with interest from January 28, 1968".[3] An amended answer and counterclaim tendered by the appellant sought the $42,000, plus 6% interest from February, 1968,[4] together with costs and reasonable counsel fees.

Upon the filing of appellant's opposition to discharge, the court set aside an earlier ex parte order of discharge and scheduled the matter for hearing. Following discovery, hearing, and briefing, the court declined to sign a proposed order submitted by appellant providing for dismissal of the insurance company "without prejudice" to any claim against it for interest but rather entered an order discharging appellee from any further liability to the claimants and awarding to it, from the deposited funds, an attorney's fee of $500. The court further dismissed the action without costs as to appellee and provided for the continuation of the action between the interpleaded claimants.

Appellant states his contentions on appeal as follows:

I. The trial court erred in discharging appellee, Metropolitan Life Insurance Company from further liability, with prejudice, while appellant had on file a motion for leave to amend his pleadings and to counter-claim against appellee.

II. The order discharging Metropolitan Life Insurance Company from further liability should have been "without prejudice".

It seems clear that the latter reservation would have been improper in connection with an order of discharge in an interpleader suit. The court had the power to make any order necessary to fully dispose of the issues presented and in the absence of exceptional circumstances should have done so; a denial of interest "without prejudice", would have encouraged a multiplicity of suits.

---

3. The date of death of the insured.

4. This was the month in which the widow first presented her claim to the insurance company. However, formal proofs were not submitted at that time and the investigation of the insurance company continued into May, 1968.

Nor was it error in and of itself to grant the order of discharge while the appellant had on file the motion for leave to "counterclaim" for interest. A hearing was actually held involving the same contention. Whether the interest question was considered on counterclaim or cross-claim or upon the opposition to discharge already filed was a matter of mere form.

In any event, the question of interest was called to the attention of the court, and it had the duty to decide it before discharging the stakeholder. Thus, while the claimed errors as framed by appellant do not grapple directly with the real problems here, we think the following questions are sufficiently implicit in the judgment and the proceedings on appeal as a whole to require treatment:

(1) Under what circumstances and to what extent, if any, is an insurance company in an interpleader action liable to a claimant or claimants for interest on a fund from the time of the claim until the fund is deposited into court, and (2) is the record on appeal sufficient to enable us to pass upon this underlying legal issue or the validity of the order appealed from in view of it.[5]

Generally where, as here, there is a real dispute between claimants, and the insurance company is a mere stakeholder, interest is not allowed on the fund in question for the period during which it is on deposit in the registry of the court. 45 Am.Jur.2d *Interpleader* § 40 (1969); Anno. 15 A.L.R.2d 473 (1951). *See also* Osborn v. Bank of United States, 22 U.S. (9 Wheat.) 738, 6 L.Ed. 204 (1824). And a stakeholder should be allowed without application of interest a reasonable time to determine whether there are adverse claims of substance and to prosecute any appropriate interpleader action in view of such determination. *See* Occidental Ins. Co. v. Row, 271 F.Supp. 920 (S.D.W.Va.1967). Yet unreasonable delay or failure on the part of a stakeholder in depositing the funds in court may subject it to liability for interest on the funds. Anno. 15 A. L.R.2d 473, 477–479, *supra.*

Whether any delay is reasonable or unreasonable of course depends upon the circumstances. Consideration in various cases has been given to time for investigation or negotiation between claimants;[6] whether the delay was culpable to justify full legal interest or less culpable to warrant only interest actually earned by the fund;[7] whether the interpleader action was vexatious;[8] whether there had been a claim for interest prior to deposit;[9] whether delay is occasioned by negotiations;[10] whether there has been any denial of liability;[11] whether the stakeholder is disinterested as between the claimants;[12] reasonable diligence and good faith;[13] whether the policy provided for the payment of interest and whether there was a bona fide dispute among the claimants.[14]

We believe the trial court had the power in this case to grant or deny interest in view of the circumstances and upon the basis of the equitable principles applicable to interpleader proceedings.

---

5. Prior to oral argument the court invited the parties to submit supplemental briefs on these questions. Only appellee responded.

6. Occidental Life Ins. Co. v. Row, 271 F. Supp. 920 (S.D.W.Va.1967), *supra.*

7. John Hancock Mut. Life Ins. Co. v. Doran, 138 F.Supp. 47 (S.D.N.Y.1956).

8. John Hancock Mut. Life Ins. Co. v. Beardslee, 216 F.2d 457 (7th Cir. 1954), cert. denied, 348 U.S. 964, 75 S.Ct. 523, 99 L.Ed. 751 (1955).

9. *See* New Orleans v. Doll, 146 So.2d 33 (La.App.1962).

10. Equitable Life Assur. Soc'y v. Miller, 229 F.Supp. 1018 (D.Minn.1964).

11. *Id.*

12. *Cf.* Aetna Life Ins. Co. v. DuRoure, 123 F.Supp. 736 (S.D.N.Y.1954).

13. Occidental Life Ins. Co. v. Row, 271 F.Supp. 920 (S.D.W.Va.1967).

14. Metropolitan Life Ins. Co. v. Holding, 293 F.Supp. 854 (E.D.Va.1968).

■ Appellant contends that interest is mandated by D.C.Code Ann. § 15–108 (1967) (former D.C.Code Ann. § 28–2707), which reads as follows:

In an action in the United States District Court for the District of Columbia to recover a liquidated debt on which interest is payable by contract or by law or usage the judgment for the plaintiff shall include interest on the principal debt from the time when it was due and payable, at the rate fixed by the contract, if any, until paid.

Appellant relies primarily in this respect upon Messina v. Mutual Benefit Health and Accident Ass'n, 228 F.Supp. 865 (D.D.C.1964), aff'd, 121 U.S.App.D.C. 328, 350 F.2d 458 (1965), cert. denied, 383 U.S. 908, 86 S.Ct. 888, 15 L.Ed. 2d 663 (1966). Interest on the face amount of an insurance policy from the date on which the defendant company rejected plaintiff's demand for payment was awarded (it being indicated that if there had been evidence as to the date of demand the interest would have run from that date). *See also* Rosden v. Leuthold, 107 U.S.App.D.C. 89, 274 F.2d 747 (1960); Blustein v. Eugene Sobel Co., 105 U.S.App.D.C. 32, 263 F.2d 478 (1959). These decisions, however, did not involve interpleader actions.

Accepting the proposition that ordinarily law or usage would justify the award of interest from the date of an unsatisfied demand by one entitled to the proceeds of an insurance policy, we are of the opinion that in actions of interpleader such as this where demand by one claimant cannot be met without prejudicing the claim of another and thereby possibly subjecting the company to double liability, the result may be different depending upon circumstances.

Appellant does not claim that the group policy here involved provides for payment of interest, and in the absence of such contention we shall assume that it does not.[15] The statute governing payment of policy proceeds to beneficiaries contains no provision for interest.[16]

■■ We believe that in interpleader actions interest need not be automatically allowed, but that its award should depend upon equitable considerations, all of which indicate in this instance that an award of interest on the fund in question was not required. Occidental Life Ins. Co. v. Row, 271 F.Supp. 920 (S.D.W.Va.1967), *supra*; United States v. Henry's Bay View Inn, Inc., 191 F.Supp. 632 (S.D.N.Y.1960); 3a J. Moore, Federal Practice ¶ 22.10, at 3081–3083 (2d ed. 1970); 15 Couch on Insurance 2d § 52:14 (1966); 3 J. Appleman, Insurance Law and Practice § 1584, at 321–25 (1967). *See* 28 U.S.C. § 1335 and Rule 22 of the Federal Rules of Civil Procedure.

It appears that the interpleader action was not frivolous but presented a substantial dispute between adverse claimants. The order for interpleader mentioning specifically the sum of $42,000 without reference to interest was endorsed by the attorney for the appellant "no objection" before it was executed by the court on June 26, 1968. The investigation of the respective claims apparently was not completed by the insurance company until the latter part of May, 1968. The time between the death of the insured and the time the funds were deposited was not an unreasonable interval in view of necessary investigation and court procedures. There was adequate basis for the lower court to decline to require the appellee to pay interest into the fund before entering its order of unconditional discharge.

■ We conclude that the record before the court below was sufficient to

---

15. In a supplemental brief although apparently not a part of the record below, the appellee has submitted a copy of the policy in question. It contains no provision for interest.

16. 5 U.S.C. § 8705.

# 610

sustain the judgment appealed from and to permit our determination on this review of the underlying issue. The comments of the trial court in ruling on the issue of interest raises the main question on the latter point.[17]

It could be inferred from the statement in the margin, on the one hand, that the court believed interest should not be required as an addition to the fund merely because the dispute between the claimants had not been resolved. On the other hand, it could have been meant that the unresolved dispute among the claimants warranted the interpleader proceedings and the denial of interest in connection with the general rule on interpleader.

The full transcript of the hearing in which the court's remarks occurred has not been sent up, in the absence of which we will assume the court applied the appropriate legal standards for determining the question of interest.[18] All of the convincing facts which we find here against the allowance of interest were before the trial court and were not in substantial dispute. No countervailing considerations appeared. The amount in question was not large. The claim for interest was a belated one made after the money was deposited into court by a form of order approved by appellant. And we are convinced that no prejudicial error is established by the record before us.

The judgment below is

Affirmed.

---

17. "Application for fee without any interest attached of five hundred dollars is granted. With reference to your situation involving the curlicue attached to your argument, namely, the interest on the face value of the policy, I leave that situation where I find it, because in the circumstances you have no absolute right because the matter has not been determined who owns the policy, the proceeds.

"MR. LA PRADE [for appellant]: This means, under your ruling, Metropolitan is discharged from this case?

"THE COURT: Metropolitan is discharged. I deny your motion, your objection. They have the attorney's fee, giving no costs."

18. The portions of the transcript included in the record on appeal are those the appellant "deem[ed] necessary for inclusion in the record". Rule 10(b), F.R. App.P. Thus we may properly reach our decision on the basis of the portion of the transcript before us.