**MARYLAND CASUALTY COMPANY,**
**Plaintiff,**

v.

**Carolyn Evans SAUTER et al.,**
**Defendants.**

**No. EC 71-12-S.**

United States District Court,
N. D. Mississippi, E. D.

May 8, 1974.

See also D.C., 58 F.R.D. 466.

John B. Clark of Daniel, Coker, Horton, Bell & Dukes, Jackson, Miss., for plaintiff.

Richard B. Booth, Aberdeen, Miss., Thomas J. Tubb, Tubb & Stevens, West Point, Miss., Robert D. Patterson, Patterson & Patterson, Aberdeen, Miss., Taylor B. Smith of Threadgill & Smith, Columbus, Miss., P. J. Townsend, Jr., Townsend & McWilliams, Drew, Miss., for defendants.

## MEMORANDUM OF DECISION

ORMA R. SMITH, District Judge.

This action has been submitted to the court on the application of plaintiff for the allowance of attorney's fees and costs.

The action sub judice was instituted by plaintiff pursuant to 28 U.S.C.A. § 1335 [1] in the United States District Court for the Southern District of Mississippi, where one or more of the claimants to the interpleaded funds reside.

The venue was properly laid in the court where the complaint was filed.[2] The process of the court, authorized by 28 U.S.C.A. § 2361,[3] was in each instance properly served on the several defendants. Thereafter, on the timely motion of several of the defendants, the action was transferred to this court pursuant to 28 U.S.C.A. § 1404(a) [4] for the convenience of the parties and the witnesses. The transferral order contained a temporary injunction and deferred the question of the allowance to plaintiff of attorney fees and costs for determination by this court.

Plaintiff issued its policy of automobile liability insurance to Edward J. Issa (Issa) a citizen of Sunflower County, Mississippi with respect to an automobile owned by Issa at the time of the issuance of the policy. The policy contained a provision which limited plaintiff's liability under the policy to the sum of $10,000 for damages for bodily injuries to each person and $20,000 for

1. 28 U.S.C.A. § 1335, provides in pertinent part:
   The district courts shall have original jurisdiction of any civil action of interpleader or in the nature of interpleader filed by any person, firm, or corporation, association, or society having in his or its custody or possession money or property of the value of $500 or more, or having issued a note, bond, certificate, policy of insurance, or other instrument of value or amount of $500 or more, or providing for the delivery or payment or the loan of money or property of such amount or value, or being under any obligation written or unwritten to the amount of $500 or more, if
   (1) Two or more adverse claimants, of diverse citizenship as defined in section 1332 of this title, are claiming or may claim to be entitled to such money or property, or to any one or more of the benefits arising by virtue of any note, bond, certificate, policy or other instrument, or arising by virtue of any such obligation; and if (2) the plaintiff has deposited such money or property or has paid the amount of or the loan or other value of such instrument or the amount due under such obligation into the registry of the court, there to abide the judgment of the court.

2. 28 U.S.C.A. § 1397 provides:
   Any civil action of interpleader or in the nature of interpleader under section 1335 of

this title may be brought in the judicial district in which one or more of the claimants reside.

3. 28 U.S.C.A. § 2361, provides:
   In any civil action of interpleader or in the nature of interpleader under section 1335 of this title, a district court may issue its process for all claimants and enter its order restraining them from instituting or prosecuting any proceeding in any State or United States court affecting the property, instrument or obligation involved in the interpleader action until further order of the court. Such process and order shall be returnable at such time as the court or judge thereof directs, and shall be addressed to and served by the United States marshals for the respective districts where the claimants reside or may be found.
   Such district court shall hear and determine the case, and may discharge the plaintiff from further liability, make the injunction permanent, and make all appropriate orders to enforce its judgment.

4. 28 U.S.C. § 1404(a) provides:
   (a) For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

such damages in each occurrence. The policy also provided that plaintiff would defend Issa in all actions brought against him growing out of the operation and use of the automobile during the policy period.

On or about August 3, 1970, within the period of the policy, a collision occurred in Ruleville, Mississippi between the covered automobile, being driven by Issa, and an automobile being driven by Carolyn Evans Sauter (Sauter), an adult citizen of Monroe County, Mississippi. Three other persons were occupants of Sauter's automobile,—Julian T. Evans, Jr. and his son, Julian T. Evans, III, a minor, and Molly Ann Shinn (Shinn), a minor. Miss Shinn is a citizen of California. Mr. Evans and his son are citizens of Monroe County, Mississippi.

The occupants of the Sauter automobile were said to have suffered serious and permanent injuries in the collision of the automobiles. They promptly asserted claims against Issa and declared an intention to sue him for large sums of money. The amounts claimed by them far exceeded the coverage afforded Issa under the policy of insurance issued by plaintiff.

The plaintiff, after an investigation of the facts surrounding the collision of the automobiles, determined that it could not successfully defend the suits for its insured, Issa. In order to avoid a multiplicity of suits and to effect an equitable distribution among the several claimants of the coverage afforded Issa under the policy, plaintiff filed its Bill of Interpleader in the action sub judice, paying into the registry of the court its entire coverage amounting to $20,000. The above named claimants and others who sought reimbursement for medical treatment furnished said claimants, were made parties defendant to the Bill of Interpleader. The defendants were tempo-rarily enjoined from asserting any claim against Issa, or against plaintiff under the policy, and each defendant was summoned to appear and claim his, its, or her rightful share of the interpleader fund.

The action sub judice is predicated upon the rule established by the Supreme Court in State Farm Fire and Casualty Co. v. Tashire, 386 U.S. 523, 87 S.Ct. 1199, 18 L.Ed.2d 270 (1967), permitting this type of interpleader action to be filed under Section 1335, supra. See, also Travelers Indemnity Company v. Greyhound Lines, Inc., 377 F.2d 325 (5th Cir. 1967). Cert. denied 389 U.S. 832, 88 S.Ct. 101, 19 L.Ed.2d 91, aff'd 260 F.Supp. 530 (W.D.La.1966).

The plaintiff has filed an application for the allowance of attorney's fees and costs to be paid from the fund placed in the registry of the court. All parties, other than the occupants of the Sauter automobile, have been dismissed from the action. The injured parties, who now remain as the only defendants, object to the allowance of attorney's fees.

It is generally considered that a plaintiff who properly brings interpleader proceedings is entitled, in the sound discretion of the court, to a reasonable allowance for attorney's fees. 48 C.J.S. Interpleader § 50b(2). This rule has been recognized by the Mississippi Supreme Court,[5] the United States District Court for the Southern District of Mississippi, Nixon,[6] District Judge, and this court.[7]

It is clear, therefore, that the allowance of attorney's fees in an action such as the one sub judice is within the sound discretion of the court.

Plaintiff is not a *mere* stakeholder of the fund, as was the case in each of the cited cases. Plaintiff has interests which are served by the proceedings. The aggregate demand by the injured

---

5. Hartford Accident & Indemnity Co. v. Natchez Inv. Co., 161 Miss. 198, 132 So. 535, 135 So. 497 (1931).

6. Chevron Oil Company v. Clark, 291 F. Supp. 552 (S.D.Miss.1968).

7. Merideth v. United States, 327 F.Supp. 429 (D.C.1970); Bankers Trust Savings and Loan Ass'n v. Cooley et al., 362 F.Supp. 328 [D.C.1973].

parties against Issa exceeded by a substantial sum the protection of his policy. Plaintiff has conceded that the maximum amount of its liability under Issa's policy will not cover Issa's exposure. It is, therefore, very beneficial to plaintiff that a court of competent jurisdiction make the apportionment. The plaintiff is relieved of a perplexing and delicate problem. Oftentimes the several claimants are dissatisfied with the action taken by an automobile liability carrier in disbursing such a fund. Litigation is likely to follow.

Plaintiff has contracted to cover Issa's liability to the extent of the limited sum aforesaid. The allowance to plaintiff of an attorney's fee to be paid from the fund would reduce the fund by the amount of the allowance, and, in turn, would reduce the protection afforded Issa under the contract of insurance, thus, impairing Issa's contractual rights.

One other aspect of the action is deserving of comment. Plaintiff is under an obligation to defend Issa in any and all suits brought against Issa growing out of the subject collision. The action sub judice does not insure that defendants will not prosecute their claim against Issa in another action, seeking full satisfaction. There is, however, a strong probability that such will not be done. Such a course will be, to a large extent, governed by Issa's ability to respond to a judgment should one be obtained.

The court concludes that the benefits which will be received by plaintiff from the institution of the action sub judice, and the interest which plaintiff has in its successful termination, remove plaintiff from the category of a *mere* stakeholder.

In sum, the court, in the exercise of its discretion, holds that plaintiff is not entitled to an allowance of attorney's fees in the action sub judice. The motion will be overruled and denied.

An appropriate order will be entered by the court.