**AETNA LIFE INSURANCE COMPANY**

v.

**Mrs. Cleo G. OUTLAW et al.**

**Civ. No. B–75–923.**

United States District Court,
D. Maryland.

April 20, 1976.

J. Snowden Stanley, Jr., Towson, Md., for plaintiff.

Lawrence J. Gebhardt, Baltimore, Md., for defendants Brenda Sue Outlaw and Virginia Anne Outlaw.

Norman F. Summers, Baltimore, Md., for defendants Cleo G. Outlaw, Ronald R. Outlaw, Wanda Outlaw Moore, Cleo G. Outlaw, Personal Representative of the Estate of Herskel Outlaw.

1. Plaintiff also sued the Special Administrator of the Estate of Herskel R. Outlaw but since none has been appointed, on plaintiff's motion, Mrs. Cleo G. Outlaw, Personal Representative

## MEMORANDUM AND ORDER

BLAIR, District Judge.

■ Plaintiff instituted this interpleader action against the widow and four children of plaintiff's deceased policyholder, Herskel R. Outlaw.[1] Plaintiff has paid into the court $18,150 in insurance proceeds which the parties have stipulated is the correct amount under the two policies at issue in this suit (Clerk's File # 18). Plaintiff is a Connecticut corporation and four of the defendants are Maryland citizens and one, a Delaware citizen. Jurisdiction is predicated upon the federal interpleader statute, 28 U.S.C. § 1335 (1962).

Plaintiffs seek to have this court enter a decree of interpleader allowing plaintiff its attorney fees and costs. Defendants seek to have plaintiff remit interest on the $18,-150.

### *Attorneys Fees and Costs*

■ As noted in *Coppage v. Insurance Company of North America*, 263 F.Supp. 98, 100 (D.Md.1967), the question of whether the allowance in interpleader actions of attorneys' fees and costs is to be determined by federal equitable principles or by state law under *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), remains unresolved. In Maryland, however, the state rule allowing recovery of attorneys' fees and costs follows the federal rule so that the question need not be answered. Maryland Rule BU 72 § b(1) (1971), providing for interpleader, allows the payment of costs and a reasonable counsel fee out of the fund "if the plaintiff's capacity in bringing the action was that of an impartial stakeholder."[2] Similarly under federal law attorneys' fees and costs have been allowed in the court's discretion. *See Metropolitan Life Ins. Co. v. Filadelfia*, No. HM–74–1087 (D.Md. Jan. 3, 1975); *Manufacturers Life Ins. Co. v. Johnson*, 385 F.Supp. 852, 853 (E.D.Va.1974); *Maryland*

of the Estate of Herskel R. Outlaw, will be substituted..

2. Plaintiff's status in this suit as an "impartial stakeholder" is not disputed.

*Casualty Co. v. Sauter,* 377 F.Supp. 68, 70 (N.D.Miss.1974); *Beaufort Transfer Co. v. Fischer Trucking Co.,* 357 F.Supp. 662, 672 (E.D.Mo.1973); 3A *Moore's Federal Practice,* ¶ 22.16[2] (1974). The theory behind the award of attorneys' fees in interpleader actions, an exception to the usual American rule by which parties generally bear their own legal costs, is that plaintiff by seeking resolution of the multiple claims to the proceeds benefits the claimants and that plaintiff should not have to absorb attorneys' fees in avoiding the possibility of multiple litigation. *See Schirmer Stevedoring Co., Ltd. v. Seaboard Stevedoring Corp.,* 306 F.2d 188, 193 (9th Cir. 1962); *Massachusetts Mutual Life Ins. Co. v. Central Penn Nat'l Bank,* 372 F.Supp. 1027, 1044 (E.D.Pa.1974), *aff'd without published opinion,* 510 F.2d 970 (3d Cir. 1975).

■ In this case counsel for the plaintiff has submitted a detailed affidavit relating the nature of his services performed with respect to this action. Those services consumed twenty-three and one-half hours for which $705 is sought in remuneration.[3] Additionally counsel in his affidavit states that plaintiff has expended $79.32 in costs related to this action, the bulk of which represents payment to the United States Marshal for service of process. Defendants do not question the authenticity of these amounts. Certain defendants challenge the award of these sums, however, since they contend that plaintiff has been dilatory in pursuing this action and that plaintiff's counsel may have unnecessarily duplicated investigation of the claim with plaintiff's earlier investigation.

In order to assess this contention, a review of the facts is necessary. Herskel Outlaw died of a gunshot wound on February 11, 1973; plaintiff was notified of his demise on October 26, 1973. On November 9, 1973 plaintiff sent an investigator to the Cecil County Sheriff's Office which was studying the circumstances of Herskel Outlaw's death. Plaintiff's investigator learned that Cleo Outlaw, widow of the deceased, and prime beneficiary under the life insurance policies, was suspected in her husband's death but that the evidence as then known was inconclusive. Plaintiff continued periodic contact with the Sheriff's Office to determine if its investigation had progressed with respect to Cleo Outlaw's possible complicity in the death. On September 11, 1974 plaintiff wrote to Cleo Outlaw asking her to sign papers that would release plaintiff from liability and allow it to pay the insurance proceeds into Herskel Outlaw's estate. When Cleo Outlaw did not respond to this offer, plaintiff reiterated its suggestion to her by letter of October 31, 1974. Again there was no response until February 20, 1975 when Cleo Outlaw's attorney wrote to plaintiff rejecting its offer. Thereafter on July 9, 1975 plaintiff instituted this suit for interpleader and that same day deposited the insurance proceeds with the court.

■ While approximately twenty-one months elapsed between the date when plaintiff learned of its policyholder's death and its commencement of this interpleader suit, the court believes that plaintiff acted reasonably expeditiously in its conduct of this matter. Because of the significant questions raised by the investigation of Herskel Outlaw's death and Cleo Outlaw's concomitant possible disentitlement to the insurance proceeds, plaintiff faced the real possibility of bona fide conflicting claims to the proceeds. In light of this prospect, plaintiff was entitled to a reasonable time to investigate the circumstances surrounding the claim. Plaintiff acted in good faith in pursuing its contacts with the Cecil County's Sheriff's Office while simultaneously trying unsuccessfully to obtain a

---

**3.** The attorneys' fees sought in this action do not include fees for services pertaining to the plaintiff's alleged duty to remit interest on the insurance proceeds, treated *infra.* Such fees, if sought, have been held to be unavailable. *See*

*Stuyvesant Ins. Co. v. Dean Construction Co., Inc.,* 254 F.Supp. 102, 114 (S.D.N.Y.1966), *aff'd per curiam,* 382 F.2d 991 (2d Cir. 1967); *Aetna Life Ins. Co. v. DuRoure,* 123 F.Supp. 736, 741 (S.D.N.Y.1954).

release from Cleo Outlaw. Once the release offer had been rejected and it appeared that the Sheriff's investigation was not coming to any rapid resolution, plaintiff acted diligently in commencing this interpleader and depositing the insurance proceeds. Furthermore there is no evidence save bald allegations that plaintiff's counsel duplicated the investigative efforts of his client; rather plaintiff's counsel has expressly rejected this contention. In light of all the circumstances in this case then, this court in its discretion will allow plaintiff its attorneys' fees of $705 and its costs of $79.32.

### Interest

 Defendants also seek to hold plaintiff accountable for interest on the insurance proceeds from the date it learned of Herskel Outlaw's death until the date the funds were deposited with the court.[4] Defendants' arguments in this regard are the same as those advanced in favor of denying plaintiff its attorneys' fees and costs, namely that plaintiff did not diligently pursue this matter.[5] As discussed *supra*, however, this court, in its discretion and in view of all the circumstances, believes that plaintiff acted with due diligence and without unreasonable delay investigated the possible adverse claims in this suit. Having so acted, plaintiff, a neutral stakeholder, is not responsible for interest on the insurance proceeds. *See Powers v. Metropolitan Life Ins. Co.*, 142 U.S.App.D.C. 95, 439 F.2d 605, 608 (1971); *Metropolitan Life Ins. Co. v. Holding*, 293 F.Supp. 854, 858 (E.D.Va.1968); *Occidental Life Ins. Co. v. Row*, 271 F.Supp. 920, 926–27 (S.D.W.Va.1967); *Equitable Life Assurance Society v. Miller*, 229 F.Supp. 1018, 1021 (D.Minn.1964); 3A *Moore's Federal Practice* ¶ 22.10 (1974).

For the foregoing reasons, it is this 20th day of April, 1976, ORDERED by the United States District Court for the District of Maryland, that:

1. Plaintiff be awarded $705.00 in attorneys' fees and $79.32 in costs to be paid from the fund paid into court in this case by the plaintiff; and

2. A decree of interpleader shall be entered separately.

The Clerk shall mail a copy of this Memorandum and Order to counsel for all parties.

### DECREE OF INTERPLEADER

This Court, having fully considered the Complaint of Interpleader with exhibits and associated pleadings, filed herein by the Plaintiff, AETNA LIFE INSURANCE COMPANY, and the Answers or other responses filed on behalf of the various named Defendants, and this Court having found that the factual allegations by the Plaintiff as to the conflicting claims or potential claims of the Defendants to the Eighteen Thousand One Hundred Fifty Dollars ($18,150) in insurance proceeds, payable as a result of the death of Herskel R. Outlaw, are correct, it is this 20th day of April, 1976, ORDERED:

1. That, as a Special Administrator was never appointed for the Estate of Herskel R. Outlaw, and Mrs. Cleo G. Outlaw is Personal Representative of that Estate and was served and has answered in that capacity, the Clerk shall strike the designation of Special Administrator as a Defendant and insert "Mrs. Cleo G. Outlaw, Personal Representative of the Estate of Herskel R. Outlaw" as a Defendant.

---

4. Clearly, plaintiff could not be held liable for interest before it learned of its policyholder's death and it should not be liable for interest after depositing the funds with the court. *See Powers v. Metropolitan Life Ins. Co.*, 142 U.S. App.D.C. 95, 439 F.2d 605, 608 (1971); *New York Life Ins. Co. v. Cooper*, 76 F.Supp. 976, 979 (S.D.N.Y.1944).

5. Defendants do not claim that plaintiff is required by the language of the insurance policies to remit interest on the proceeds and the portions of those policies submitted to the court contain no such proviso. The court, therefore, assumes that the policies do not expressly obligate plaintiff to pay interest on the funds.

2. That the Defendants, Cleo G. Outlaw, Brenda Sue Outlaw, Ronald R. Outlaw, Virginia Anne Outlaw, Wanda Outlaw Moore, and Mrs. Cleo G. Outlaw, Personal Representative of the Estate of Herskel R. Outlaw, be and they hereby are permanently enjoined and restrained from instituting in any state or Federal court any action against the Plaintiff arising out of the Eighteen Thousand One Hundred Fifty Dollars ($18,150) in insurance proceeds payable as a result of the death of Herskel R. Outlaw under Aetna Life Insurance Company Policies CC–40400 and GL–40400 as more fully described in the Complaint of Interpleader filed by the Plaintiff, and they are hereby permanently enjoined and restrained from prosecuting such actions against the Plaintiff heretofore filed in any state or Federal court.

3. That the Defendants, Cleo G. Outlaw, Brenda Sue Outlaw, Ronald R. Outlaw, Virginia Anne Outlaw, Wanda Outlaw Moore, and Mrs. Cleo G. Outlaw, Personal Representative of the Estate of Herskel R. Outlaw, have the right to interplead and settle among themselves in this Court their claims to the funds arising from the proceeds of the aforementioned insurance policies as a result of the death of Herskel R. Outlaw, which proceeds have been deposited by the Plaintiff into the Registry of this Court, and in such action Brenda Sue Outlaw and Virginia Anne Outlaw shall be Plaintiffs and Mrs. Cleo G. Outlaw, Ronald R. Outlaw, and Wanda Outlaw Moore shall be Defendants.

4. The Plaintiff is hereby permanently discharged from all liability of any kind with regard to the insurance proceeds in the amount of Eighteen Thousand One Hundred Fifty Dollars ($18,150) as a result of the death of Herskel R. Outlaw under the aforementioned policies.

5. That the Plaintiff is hereby awarded costs in this matter in the amount of $79.32 and attorney's fees in the amount of $705.00, and the Clerk of this Court is ordered to pay to the Plaintiff such sums from the fund now on deposit in this case in the Registry of this Court.