## METROPOLITAN LIFE INSURANCE COMPANY, Plaintiff,

v.

## Susan KWICINSKI and Lynn E. Niedzolkowski, Defendants.

### No. 76–C–824.

United States District Court,
E. D. Wisconsin.

March 7, 1978.

Vaudreuil & Vaudreuil by Philip Lehner, Kenosha, Wis., for plaintiff.

Hetzel & Decker by Thomas G. Hetzel, Kenosha, Wis., for Kwicinski.

John Crosetto, Kenosha, Wis., for Niedzolkowski.

### DECISION and ORDER

MYRON L. GORDON, District Judge.

This is an interpleader action. The plaintiff is an insurance company which issued policies numbered 16500–G and 16501–G, providing life and accidental death insurance on the life of Robert B. Kwicinski. At the time of Mr. Kwicinski's death on March 2, 1976, the two policies were in full force and effect. Benefits of $9,000 and $4,000 are payable on the respective policies for a total benefit of $13,000 on both policies.

The defendant Lynn E. Niedzolkowski is the former wife of the deceased, and the defendant Susan Kwicinski was Mr. Kwicinski's wife at the time of his death.

The plaintiff has filed a motion for summary judgment seeking leave to implead the defendants, a discharge, a permanent injunction, and an award of costs and attorney's fees and costs against the defendant Kwicinski. The defendant Niedzolkowski joins in all portions of this motion except that portion requesting an award of costs and attorney's fees in favor of the plaintiff.

The plaintiff's motion will be granted in part and denied in part. In addition, the defendant Kwicinski has filed a motion for judgment on the pleadings or to amend her pleadings. Her motion to amend will be granted, but her motion for judgment on the pleadings will be denied.

## I. MOTION FOR SUMMARY JUDGMENT

This court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1335(a). The insurance proceeds exceed the value of $500; the defendant Kwicinski, a resident of Wisconsin, and the defendant Niedzolkowski, allegedly a resident of either Ohio or Michigan, each claim entitlement to the proceeds of the policies; and the plaintiff has paid the benefits due on the policies ($13,000) into the registry of this court. Venue is proper pursuant to 28 U.S.C. § 1397, because the defendant Kwicinski resides in this judicial district.

■ The requirements of § 1335 having been satisfied, I find that the plaintiff is entitled to permanent injunctive relief enjoining the defendants from instituting or prosecuting any state court or other federal court action affecting the proceeds of policies numbered 16500–G and 16501–G issued by the plaintiff. 28 U.S.C. § 2361. I also find, pursuant to § 2361, that the plaintiff is entitled to be discharged from further liability regarding such insurance policies. I have considered the plaintiff's arguments in support of its claim for costs and attorney's fees, and for the reasons stated in *The Mutual Life Insurance Company of New York v. Haskett*, 77–C–687 (E.D.Wis. December 27, 1977), I find that such request should be denied. Moreover, I decline to award costs on this motion in favor of the plaintiff or the defendant Niedzolkowski against the defendant Kwicinski.

## II. MOTION FOR JUDGMENT ON THE PLEADINGS OR FOR LEAVE TO AMEND PLEADING

The defendant Kwicinski has moved for judgment on the pleadings, contending that the deceased intended to change the beneficiary of his life insurance policies to herself, from the defendant Niedzolkowski. Assuming that an intent to change the beneficiary has thereby been established, the movant urges that she is entitled to judgment as a matter of law. In my opinion, the questions both of Mr. Kwicinski's actions and his intent are placed in dispute by the pleadings of the three parties to this action. The motion for judgment on the pleadings will accordingly be denied.

■ Finally, the defendant Kwicinski seeks leave to amend her responsive pleading. In an order dated September 12, 1977, I dismissed the movant's amended pleading, without prejudice, for failure to obtain leave of court to file such pleading as required under Rule 15(a), Federal Rules of Civil Procedure. In the instant motion, the defendant Kwicinski now seeks the court's leave to serve and file an amended pleading. The interests of justice require that such leave be granted. The amended pleading should be served and filed not later than 10 days from the date of this decision and order.

Therefore, IT IS ORDERED that the plaintiff's motion for summary judgment be and hereby is granted in part and denied in part as follows: the defendants are hereby permanently enjoined from instituting or prosecuting any state court or other federal court action affecting the proceeds of policies numbered 16500–G and 16501–G issued by the plaintiff and involved in this action. The plaintiff is hereby discharged from further liability as to such insurance policies. The plaintiff's request for an award of costs and attorney's fees and for costs on this motion against the defendant Kwicinski (the latter request joined by the defendant Niedzolkowski) are hereby denied.

IT IS ALSO ORDERED that the defendants be and hereby are required to pursue their claims to the fund in the registry of the clerk for this district in this action.

IT IS FURTHER ORDERED that the defendant Kwicinski's motion for judgment on the pleadings be and hereby is denied.

IT IS FURTHER ORDERED that the defendant Kwicinski's motion for leave to file an amended responsive pleading be and hereby is granted. Such responsive pleading shall be served and filed not later than 10 days from the date of this decision and order.