705 F.2d 942
 David L. WALKER and Louis Fischer,
Defendants-Crossdefendants-Appellants,
v.
Abram N. PRITZKER, Jay A. Pritzker, Nicholas J. Pritzker
d/b/a Pritzker & Pritzker, an Illinois
partnership, Plaintiffs-Appellees,
and
Richard C. Jones, as Trustee under Trust Agreement No. 105,
Defendant-Coplaintiff-Appellee.
 No. 82-2200.
 United States Court of Appeals,
Seventh Circuit.
 Argued Jan. 7, 1983.
Decided May 3, 1983.
 
 John J. McInerney, Leahy & Eisenberg, Chicago, Ill., for defendants-crossdefendants-appellants.
 Lawrence Gunnels, Reuben & Proctor, Ronald H. Galowich, Galowich & Galowich, Chicago, Ill., for plaintiffs-appellees.
 Before PELL and ESCHBACH, Circuit Judges, and NEAHER, Senior District Judge.*
 PELL, Circuit Judge.
 
 
 1
 In this statutory interpleader action plaintiff, the law firm of Pritzker & Pritzker, sought to determine who was entitled to a $400,000 deposit of earnest money it held under a real estate sales contract. For the purpose of this appeal, it is sufficient to know that Richard C. Jones, as seller, and David L. Walker, as buyer, negotiated a real estate contract that Walker later refused to perform. Under the contract plaintiff held $400,000 paid by Walker as earnest money. When it became clear that the contract would not be performed both Walker and Jones demanded the earnest money.
 
 
 2
 In response to these conflicting demands plaintiff filed this interpleader action in federal court pursuant to 28 U.S.C. Sec. 1335, requesting that the court determine which of the defendants was entitled to the earnest money. Walker's agent, Louis Fischer, was also named as a defendant. Plaintiff, upon agreement of the parties, deposited the money into an interest bearing account subject to the court's order on disposition. The court entered a temporary restraining order prohibiting defendants from filing any other suits regarding the contract. Walker and Fischer then waived any claim they might have against plaintiff and moved to dissolve the restraining order and dismiss the complaint. The court denied this motion and entered a preliminary injunction preventing appellants from instituting further suits.
 
 
 3
 Appellants claim that by waiving their claim against plaintiff they have retroactively defeated the court's jurisdiction by eliminating one of the requisite adverse claimants under 28 U.S.C. Sec. 1335, thereby leaving themselves free to file suit in a forum of their own choosing. Although, to our knowledge, there are no cases invalidating this ploy we believe that appellants' argument misses the mark for two reasons.
 
 
 4
 First, waiver of a claim against the stakeholder, but not against the fund, does not affect jurisdiction under section 1335. In pertinent part section 1335 provides the district courts with jurisdiction to hear interpleader actions filed by a plaintiff having possession of money or property worth at least $500 if "Two or more adverse claimants ... are claiming or may claim to be entitled to such money or property ... and if ... the plaintiff has deposited such money ... into the registry of the court, there to abide the judgment of the court." 28 U.S.C. Sec. 1335(a) (emphasis added). Section 1335, then, only requires two adversaries who claim to be entitled to the fund. Appellants have explicitly stated that they are not waiving their claim to the earnest money. As long as they claim an interest in the fund appellants' magnanimity in waiving their claim against the stakeholder does not remove the jurisdictional prerequisite of section 1335.
 
 
 5
 The authorities cited by appellants do not refute this position. In each of these cases the defendant disclaimed any interest in the fund rather than against the stakeholder. Libby, McNeill, and Libby v. City National Bank, 592 F.2d 504 (9th Cir.1978); Gaines v. Sunray Oil Co., 539 F.2d 1136 (8th Cir.1976); John Hancock Mutual Life Insurance Co. v. Beardslee, 216 F.2d 457 (7th Cir.1954), cert. denied, 348 U.S. 964, 75 S.Ct. 523, 99 L.Ed. 751 (1955). In fact, federal interpleader contemplates that the stakeholder may be discharged from the litigation once the fund is deposited with the court, leaving the adverse claimants to litigate their dispute between themselves. See 28 U.S.C. Sec. 2361; Republic of China v. American Express Co., 195 F.2d 230, 234 (2nd Cir.1952); Metropolitan Life Insurance Co. v. Kwicinski, 78 F.R.D. 235 (E.D.Wisc.1978); Equitable Life Assurance Society of the United States v. Miller, 229 F.Supp. 1018, 1020 (D.Minn.1964).
 
 
 6
 Second, interpleader jurisdiction is determined at the time suit is filed and subsequent events do not divest the court of jurisdiction once properly acquired. Smith v. Widman Trucking & Excavating, 627 F.2d 792, 798-99 (7th Cir.1980). Appellants did not waive their claim against plaintiff until after the temporary restraining order had been entered, so even assuming arguendo that a claim against the stakeholder is required under section 1335, appellants' waiver came too late to affect the jurisdiction of the court.
 
 
 7
 For both of these reasons, we believe that the district court was correct in continuing to exercise jurisdiction over this case after appellants waived their claim against plaintiff. Appellants' strategy has failed and they must litigate their claim in this forum. The decision of the district court is AFFIRMED.
 
 
 
 *
 Edward R. Neaher, Senior District Judge for the Eastern District of New York, is sitting by designation