### ROBERT P. LEWIS *vs.* MICHAEL HOGAN.

Submitted on briefs Oct. 18, 1892. Decided Oct. 31, 1892.

**Second Trial on Ejectment.**

The statute allowing, as matter of right, a second trial to the defeated party, in an action to recover real property, does not allow another and third trial in favor of the *other* party in case judgment on the second trial goes against the latter.

Appeal by plaintiff, Robert P. Lewis, from an order of the District Court of Ramsey County, *Kelly*, J., made June 2, 1892, striking from the files his demand for another trial of the action.

The plaintiff, in March, 1889, brought an action of ejectment against the defendant, Michael Hogan, for the recovery of certain real estate in Ramsey County. The action was tried October 24, 1889, before *Otis*, J., a jury being waived, findings were made, and judgment entered January 14, 1890, in favor of plaintiff. Defendant, in due time, made demand for a second trial under the statute. On the second trial, defendant had a verdict, and judgment was entered thereon May 29, 1891. The plaintiff, on November 25, 1891, served, and afterwards filed, a demand for another trial of the action. Defendant moved to strike this demand from the files, which motion was granted, and plaintiff appeals.

*W. K. Gaston*, for appellant.

1878 G. S. ch. 75, § 11, is purely remedial, and should be liberally construed. There is nothing in the language of either § 11, or § 12, to show that only two trials of the action are contemplated. Had

the legislature so intended, it is to be presumed that they would have expressly said so. On the contrary, the words and phrases used seem to indicate that more than two trials are contemplated. In a case like this, it would seem not only reasonable, but necessary, that another trial be had. There are two judgments in the case, each directly opposed to the other. Why is the second any better than the first? *Chamberlin* v. *McCarty*, 63 Ill. 262.

*Wm. G. White*, for respondent.

Before the revision of 1866, the statute gave the plaintiff in an action of ejectment no right to a second trial, and left the granting of a third trial in certain cases to the discretion of the court. 1851 R. S. ch. 74, §§ 5, 6, 7; 1858 Pub. S. ch. 64, §§ 5, 6, 7. By 1866 G. S. ch. 75, §§ 5 and 6, the provision as to a third trial was repealed. It would seem clear that the repeal of this provision was intended to cut off a third trial, either as of right, or otherwise. The language of 1878 G. S. ch. 75, § 12, is conclusive of plaintiff's claim in this case. See *Crews* v. *Ross*, 44 Ind. 481; *Ewing* v. *Gray*, 12 Ind. 64; *Bellinger* v. *Martindale*, 8 How. Pr. 113.

DICKINSON, J. This is an action for the recovery of real property. A first trial resulted in a judgment for the plaintiff. As permitted by the statute, the defendant availed himself of the right to have another trial. The second trial resulted in a verdict and judgment for the defendant. The plaintiff then asserted the right by statute to have still another trial. This was denied. The question here is, was the plaintiff, against whom judgment has been only once recovered, entitled to a *third* trial? This must be answered in the negative.

Since the abolition of the fictions attending the common-law action of ejectment, and the adoption of the practice of requiring all actions to be prosecuted in the names of the real parties in interest, and upon real, and not fictitious, issues, judgments in actions for the recovery of real property have come to be conclusive as to the issues involved, as they are in other actions, except where the statute declares otherwise. *Doyle* v. *Hallam*, 21 Minn. 515. Our

present statute upon the subject is comprised in 1878 G. S. ch. 75, §§ 11, 12. They provide (section 11) that "any person against whom a judgment is recovered" in an action for the recovery of real property may, as is particularly specified, demand and have "another trial;" and (section 12) that "the judgment given on a trial to be had under the last section shall be annexed to the judgment roll of the former trial, and the judgment last given shall be the final determination of the rights of the parties." The import of these sections, when considered together, is that the party against whom judgment is rendered on the trial of such an action may have another trial, and the judgment rendered on such other trial shall be final. The statute allows a second trial if the defeated party seeks it, but it does not contemplate still another (a third) trial as a matter of right. The language in section 12, "the judgment *last given* shall be final," etc., is accounted for by the fact that these words remained unchanged in the statute after the repeal of a preceding section, (1858 Pub. S. ch. 64, § 6,) which authorized the court to grant even a third trial. The history of the statute shows that these words, as they now stand in the law, are not to be construed as expressing the intention than more than two trials and judgments shall be allowed as a matter of right.

Order affirmed.

(Opinion published 53 N. W. Rep. 367.)