EDWARD G. PERINE, by LOUISA PERINE, his Guardian, *vs.* GRAND
LODGE OF THE ANCIENT ORDER UNITED WORKMEN.

Argued Oct. 12, 1892.   Decided Oct. 31, 1892.

**Perine v. Grand Lodge, 48 Minn. 82, followed.**

> *Perine* v. *Grand Lodge,* 48 Minn. 82, (50 N. W. Rep. 1022,) followed
> as to the effect of the receipt and retention by the defendant of money
> for membership in the order.

**Mutual Benefit Insurance—Representations—Warranties.**

> Statements made by an applicant for such membership (a kind of life
> insurance) in answer to questions formally addressed to him in connec-
> tion with such application, *held* to be representations only, and not
> warranties.

**Answers to Material Questions must be Substantially True.**

> Such questions being material, the answers thereto, so far as material,
> must be substantially true, or the policy will be avoided, even in the
> absence of fraud.

**Immaterial Answers.**

> The answer given to a material question may be immaterial and of no
> effect, even though untrue, (in the absence of fraud,) e. g., where the
> fact stated is not of itself material, and is so irresponsive to the question
> as to leave that wholly unanswered.

**Answer to a Certain Question Held Immaterial.**

> So *held* concerning a question asking of what disease the mother of
> the applicant had died, and which he answered by saying that he did not
> know, explaining his ignorance by statements which may not have been
> in accordance with the facts.

**Burden of Proof.**

> The burden is on the insurer to allege in defense, and to prove, the
> untruthfulness of representations made by the applicant.

**Verdict Justified by Evidence.**

> Evidence *held* to justify the verdict.

**Interest from Time of Denial of Liability.**

> Proofs of death having been properly made, whereupon it became the
> duty of the defendant, in accordance with its constitution, to make pro-
> vision for payment by assessment, and it having neglected to do so, and
> having declared that it would not pay, the reason therefor being that it

denied its liability, *held*, that interest was chargeable from the time of such refusal, although no proper, formal demand of payment had been made.

Appeal by defendant, The Grand Lodge of Ancient Order of United Workmen, State of Minnesota, from a judgment of the District Court of Hennepin County, *Lochren*, J., entered July 5, 1892.

This action was brought by Louisa Perine, as guardian of Edward G. Perine, an infant, against the defendant to recover $2,000 and interest, on account of the death, on August 15, 1886, of his father, Sullivan G. Perine, while a member of Calhoun Lodge No. 92, Minneapolis. The first trial of the case took place April 23, 1891, and resulted in a verdict for plaintiff. An order refusing a new trial was reversed by this court, *Perine* v. *Grand Lodge*, 48 Minn. 82, for error in the exclusion of the testimony of William B. St. Cyr. The case was called for trial again in the court below, April 21, 1892. In accordance with the opinion of this court, the title of the cause was amended so as to read Edward G. Perine, a minor, by Louisa Perine, his Guardian. The trial resulted in a verdict in favor of the plaintiff for $2,742.78. A motion for a new trial was denied, and judgment entered on the verdict. Defendant appeals from the judgment.

The facts necessary to an understanding of the questions determined are set forth in the statement of facts on the former appeal.

*W. H. Adams*, and *E. Southworth*, for appellant.

*Merrick & Merrick*, for respondent.

DICKINSON, J. After a former appeal in this cause, (48 Minn. 82, 50 N. W. Rep. 1022,) the case was retried in the district court. The plaintiff recovered a verdict, and the defendant appealed from the judgment entered thereon.

The questions raised as to the validity of the organization of the subordinate lodge, and the membership of Perine, are substantially the same as on the former appeal, and for the reasons stated in our previous opinion the assignments of error relating to that subject are held not well founded. It is apparent that the lodge retained the

money paid by Perine with knowledge, or at least notice, of the facts, including the fact that it had been paid by *him.*

The answers of Perine to the questions in the formal application to the defendant constituted *representations* only, and not *warranties,* as those terms are understood in the law relating to insurance contracts. The opinion in *Price* v. *Phœnix Ins. Co.,* 17 Minn. 497, (Gil. 473,) so fully states the legal principles by which courts are guided in the construction of such instruments that we need only to refer to that case in support of the conclusion above stated. These statements, preliminary to the contract, were not made a part of it, but were collateral thereto,—inducements to the making of the contract. Reference to the case of *Price* v. *Phœnix Ins. Co., supra,* also renders it unnecessary to restate the legal distinction between warranties and representations.

The questions to which attention is directed in this case, and which the defendant required the applicant to answer, were obviously material, and the applicant was bound to answer them honestly, and without concealment. In so far as the answers given to such questions were material, or may have been regarded by the insurer as being material, they must have been substantially true, in substantial accordance with the facts stated, or the policy would have been avoided, even though any misstatement was a mere representation, and not a warranty, and though it was made honestly, and not fraudulently. *Price* v. *Phœnix Ins. Co., supra; Campbell* v. *New England Mut. Life Ins. Co.,* 98 Mass. 381, 396; *Armour* v. *Transatlantic Fire Ins. Co.,* 90 N. Y. 450; 1 May, Ins. § 181; Bliss, Ins. § 35; Bacon, Ben. Soc., etc., §§ 209, 210.

The principal contention on the part of the appellant is that the court erred concerning the law as above stated, in its charge to the jury. It is by no means apparent that the views of the learned judge who tried the cause, as to the law, were different from those here expressed; and a careful consideration of the case leads to the conclusion that his rulings upon the requested instructions, and his charge to the jury, were not erroneous. The errors assigned as to this branch of the case may be comprehended in this: that the court

refused to instruct the jury that if the answers to "*any one*" of the questions addressed to the applicant were not true, whether from fraudulent design or otherwise, that would prevent a recovery. The reasons why we think that the rulings of the court upon the requested instructions were justified will now be stated.

Among the questions embraced in the form of application, and answered by the applicant, was one asking of what disease his mother had died. It was answered by the applicant as follows: "Applicant, very young, (2 years,) was taken among strangers, and don't know of what disease she died." If this answer was willfully untrue, a fraudulent concealment, it would have avoided the contract; and so, in substance, the court instructed the jury. But that would not have been the necessary consequence in the absence of fraud. The answer to a material question may be in itself wholly immaterial, and of no effect. An answer so irresponsive as to leave the fact inquired of wholly undisclosed, the question unanswered, (the answer given being not in itself material,) will not avoid the contract, in the absence of fraud. Phil. Ins. § 539; *Northwestern Mut. Life Ins. Co.* v. *Gridley*, 100 U. S. 614; *Ætna Life Ins. Co.* v. *France*. 94 U. S. 561. This answer, assuming it to have been honestly made, and not a fraudulent concealment concerning the subject of the question, was not, in its nature, material; and no specific question was so presented that the answer must be deemed to have been made material by the convention of the parties. Setting aside all question of fraud, it was not material whether the statement that the applicant was taken among "strangers" was true, (it appears that he went to live with his grandmother;) nor was it material that he was then more than two years old, being in fact, as the defendant claims, five years old, or a little more. These irresponsive statements, obviously given as reasons why he was unable to answer of what disease his mother had died, could not have been of any materiality in the estimate of the risk by the defendant; or, if stating his age to have been less than it was in fact when his mother died could have any materiality, the error could only have prejudiced his application, rather than have induced the defendant to accept the risk, for the younger a child may be at the time of the death of a parent the greater the probability

that the child may have inherited the disease of which the parent died. The answer left wholly undisclosed the disease of which the mother had died. It neither gave any information on this point which could have induced the defendant to accept the risk, nor could it have led the defendant to any misapprehension as to the fact. The answer was simply that he did not know as to the fact to which the question was directed, with the statement of reasons going to explain why he did not know. If the answer was not a fraudulent misstatement, it was immaterial, and did not impair the validity of the contract. Hence the court was right in refusing to charge that an untrue, although honest, answer to *any one* of the questions would avoid the contract.

Again, it is to be said that the burden was on the defendant to allege in defense, and to prove, that false representations had been made. *Price* v. *Phœnix Ins. Co., supra.* The answer in this action alleges that the answer by the applicant that he did not know of what disease his mother died was fraudulently made, and was untrue, but there is no averment as to the truthfulness of the representations as to his age or as to his residence among "strangers." Hence the defendant was not entitled to the instructions asked, applying the avoiding effect of misstatements to matters not embraced in the pleadings.

Of course, if Perine misstated the fact as to his ignorance of the cause of his mother's death, that would be a fraudulent concealment, and the plaintiff could not recover; but as to this the case was properly submitted to the jury, and we do not regard the evidence as so conclusively establishing the fact that he did know this that the verdict should be set aside, even though it be taken as true that the woman did die of consumption. In conclusion on this branch of the case we will add that we have not overlooked the *fourth* question in the application of Perine to the defendant, and the answer thereto; but the answer in the action does not bring that into the case as a defense. The defense pleaded was not that the applicant had misrepresented the fact as to his mother having been at any time afflicted with consumption, but that the answer to the question of what disease she *died* was untrue. As to the truthfulness of

the applicant's representations as to his own health, the case was clearly one for the jury.

The court instructed the jury that, in case their verdict should be for the plaintiff, they should add, to the amount originally payable, interest thereon from January 5, 1887. This action was not commenced until long after that time. It is not clear that the plaintiff ever demanded payment in her capacity as guardian, and in behalf of the ward, prior to the commencement of the action, although she was appointed guardian in October, 1886, and did demand payment prior to January 5, 1887. Perine died in August, 1886, and proper proofs of his death, as contemplated by the constitution of the order, seem to have been made prior to 1887. We think that the direction to compute interest from January 5, 1887, was justified from the fact that then, and ever since, the defendant declared that it would not make payment, and neglected to proceed to make provision by assessment for payment on account of this death, as it was its duty to do, without a demand of payment being first made. It is apparent that its refusal to pay has been based solely upon a denial of its liability, and not upon any want of a demand by the guardian as such. Even if it were not the legal duty of the defendant in general to make payment without a specific demand, we think that when it distinctly refused to make payment, and neglected to make provision for payment as contemplated in case of death and proof thereof, for the reason that it denied any liability on its part, no other demand than was shown in this case was necessary to charge the defendant with liability to pay interest.

Judgment affirmed.

(Opinion published 53 N. W. Rep. 367.)

An application for a reargument was denied Nov. 16, 1892.