**Robert F. LYDON, et al., Respondents,**

v.

**CITY OF NORTH ST. PAUL and City Council of North St. Paul, Appellants.**

No. C2–84–879.

Court of Appeals of Minnesota.

Sept. 25, 1984.

Robert F. Lydon, Wille & Lydon, St. Paul, for respondents.

Seldon H. Caswell, Memmer, Caswell & Parks, St. Paul, for appellants.

Considered and decided by LANSING, P.J., and WOZNIAK and FORSBERG, JJ., with oral argument waived.

## OPINION

WOZNIAK, Judge.

North St. Paul appeals a district court decision which reviewed *de novo* a special property tax assessment against Lydon, a resident. North St. Paul contends that the court's review of the assessment under Minn.Stat. § 429.081 ought to have been deferential to the city. We disagree and affirm.

## FACTS

In 1981, North St. Paul set out to improve its streets and sewers. Some of the construction took place on the street adjacent to Lydon's property. The improvements were approved in advance by city council resolution.

Following completion of the work, the North St. Paul city council scheduled an assessment hearing pursuant to Minn.Stat. § 429.061, subd. 1 (1982). Lydon and several other property owners filed objections to the proposed assessments. Thereafter, the city council scheduled a hearing to review the reasonableness of the assessments. Lydon was permitted a continuance, though he never appeared at his hearing and requested that it proceed without him. The city conducted the hearing according to statutory procedures:

> [T]he council or a committee of it may hear further written or oral testimony on behalf of the objecting property owner and may consider further written or oral testimony from appropriate city officials and other witnesses as to the amount of the assessment. The council or committee shall prepare a record of the proceedings * * * and written findings as to the amount of the assessment. The amount of assessment as finally determined by

the council shall become a part of the adopted assessment roll.

Minn.Stat. § 429.061, subd. 2 (1982). Lydon submitted an appraiser's report which indicated that the city improvements benefitted his property $500. The city council considered this information with testimony from its own appraiser. The council adopted findings of fact and assessed Lydon $1,990, the same amount proposed by the city assessor prior to Lydon's objection.

Lydon appealed the council's decision to the district court pursuant to Minn.Stat. § 429.081 (1982). He claimed, among other things, that the assessment was an unconstitutional taking under the Fourteenth Amendment. After hearing evidence, the court ordered the city's assessment to be set aside and determined that $1,600 was the permissible assessment ceiling.

### ISSUE

Was it proper for the court to review the city's assessment *de novo?*

### ANALYSIS

The district court's scope for reviewing a city's assessment has been defined by our Supreme Court. In *Buettner v. City of St. Cloud,* 277 N.W.2d 199 (Minn.1979), the Supreme Court held that a special assessment which exceeds the benefit to the property, as measured by the difference in market value before and after the improvement, is a taking under the Fourteenth Amendment:

> [I]n a case such as this, where the sole issue presented is whether there has been an unconstitutional taking, the trial court cannot abrogate its duty to uphold constitutional safeguards and defer to the judgment of the taxing authority. Decision must be based on independent consideration of all the evidence. * * * There is no need for a court in such a position to depend upon prior administrative determinations to carry out its constitutional responsibility.

*Id.* at 203. This would seem to resolve the matter in favor of finding that the court's *de novo* review was appropriate. But our Supreme Court has suggested that another factor may affect the standard of review:

> Even if a constitutional issue is involved, the challenged determination of a legislative or administrative body may be due judicial deference if the underlying decision-making process is designed to effectively produce a correct or just result or if the decision is informed by considerable expertise. * * * [I]f the [city council] had instituted *an adversary proceeding before an impartial referee* and made findings on the specific issue of special benefits, there would be reason for judicial review to be more limited.

*Id.* at 204 (emphasis added). North St. Paul does not claim that its decision was informed by considerable expertise. It contends that the procedures it utilized at the Lydon hearing entitle its decision to deferential review. The city council followed statutory guidelines developed after the *Buettner* decision by an amendment to Minn.Stat. § 429.061, subd. 2 (1982). Its assessment took into account evidence favorable to Lydon and was supported by findings of fact. But these safeguards do not rise to the level of a decision-making process designed to produce correct or just results.

In the first instance, the city council's assessment was not made in an adversary proceeding before an impartial referee. The city council was both advocate, having initially proposed assessments, and decision-maker, having then determined their reasonableness. Therefore, Lydons were at a procedural disadvantage. As the court in *Buettner* observed, the city council's "status as an interested party would, without procedural protection * * * make the determination suspect." *Id.* at 204.

By holding that the court has *de novo* powers of review, *Buettner* implicitly recognizes that courts may not delegate their judicial authority to the executive branch. This principal is widely recognized:

> The courts have a duty to protect constitutional or fundamental rights from infringement by administrative agencies.

The courts, not the administrative agency, have the valuable expertise, the broad background and constitutional foundation necessary to perceive and defend constitutional rights from a balanced perspective. A line, carefully drawn between the subjects over which the agency has important expertise and the areas of quasi-judicial decision-making over which the courts have superior knowledge and background, point [sic] to the independent judgment standard where constitutional rights are circumscribed.

*Kerrigan v. Fair Employment Practice Comm.*, 91 Cal.App.3d 43, 52, 154 Cal.Rptr. 29, 36 (1979) (cert. den. 444 U.S. 930, 100 S.Ct. 273, 62 L.Ed.2d 187). *See also Califano v. Sanders*, 430 U.S. 99, 109, 97 S.Ct. 980, 986, 51 L.Ed.2d 192 (1977). The court properly reviewed the assessment *de novo*.

## DECISION

We affirm.