**Harold A. MOHWINKEL, et al., Respondent,**

v.

**CITY OF NORTH ST. PAUL and City Council of North St. Paul, Appellant.**

No. C7–84–1204.

Court of Appeals of Minnesota.

Nov. 6, 1984.

John S. McDonald, Lawson, Raleigh & Marshall, Lake Elmo, for respondents.

Seldon H. Caswell, Memmer, Caswell & Parks, St. Paul, for appellant.

Considered and decided by CRIPPEN, P.J., and HUSPENI and NIERENGARTEN, JJ., with oral argument waived.

## OPINION

CRIPPEN, Judge.

Appellant City of North St. Paul appeals a district court decision which reviewed de novo a special property tax assessment against respondents, and awarded respondents' expert fees of $1,650. Appellant asserts that the court's review of the assessment under Minn.Stat. § 429.081 should have been deferential to the city, and that Rule 11 of the District Court Code of Rules precluded the district court's expert witness fee awards to each of twenty-two respondents totaling $1,650. We disagree and affirm the district court.

## FACTS

In 1981, the North St. Paul City Council resolved to make improvements to its streets and sewers and proposed special assessments against abutting property owners. Upon completion of the improvements, the city council scheduled an assessment hearing pursuant to Minn.Stat. § 429.061, subd. 1 (1982). A number of property owners filed objections to the proposed assessments, and the city council thereafter scheduled hearings to review the reasonableness of the assessments. The council hearings were conducted in conformity with procedures mandated by Minn.Stat. § 429.061, subd. 2 (1982).

At those hearings, respondents, twenty-two of the objecting property owners, submitted appraisal reports indicating that the benefit received from the city's improvements was $600 per lot. The city council then adopted findings of fact and assessed all respondents the higher amount as originally proposed by the city assessor.

Respondents individually appealed the council's decision to the district court pursuant to Minn.Stat. § 429.081. They claimed that the assessments exceeded benefits to their property and thus constituted an unconstitutional "taking" prohibited by the Fourteenth Amendment. After a consolidated de novo evidentiary hearing, the court found that respondents were assessed in excess of their special benefit and

established a final assessment ceiling for each respondent, which was lower than the city council's assessment figure. The court thereupon ordered: that the city's assessment be set aside; that reassessment be made in accordance with the final assessment ceiling figures; and that respondents each be awarded their several costs and disbursements including expert witness fees of $75.

## ISSUES

1. Was it proper for the district court to review the city's property tax assessment de novo?

2. Does Rule 11 of the District Court Code of Rules preclude expert witness fee awards of $75 to each of twenty-two property owners who retained the same real estate appraiser, when their independent appeals were consolidated for the trial?

## ANALYSIS

### I.

■ This court recently affirmed the district court's de novo review of the property tax assessments by appellant City of North St. Paul. *Lydon v. City of North St. Paul*, 355 N.W.2d 205 (Minn.Ct.App.1984). Lydon and respondents named in this appeal sought review by the district court of the city council's special assessments for street and sewer improvements completed adjacent to their properties. As here, the city appealed the district court's de novo review. In that appeal, this court noted:

> [T]he city council's assessment was not made in an adversary proceeding before an impartial referee. The city council was both advocate, having initially proposed assessments, and decision-maker, having then determined their reasonableness.

*Id.* at 206. Consequently, the city council's decision was suspect; the council was an interested party and Lydon was not afforded constitutional procedural protections. Therefore, the district court's de novo review was upheld in *Lydon*. See *Buettner*

*v. City of St. Cloud*, 277 N.W.2d 199 (Minn.1979).

There is no relevant distinction between *Lydon* and the instant appeal; consequently "[t]he court properly reviewed the assessment de novo." *Lydon*, 355 N.W.2d at 207.

### II.

Appellant contends the district court's award of expert witness fees exceeded the amount permissible under Rule 11 of the District Court Code of Rules. Rule 11 provides in pertinent part:

> The maximum amount which normally will be allowed by a judge on appeal is $300.00 per day or fraction thereof for actual appearance in the court and giving testimony in addition to the usual mileage allowance, and the amount allowed shall be in such amount as is deemed reasonable for such services in the community where the trial occurred and in the field of endeavor in which the witness has qualified as an expert. No allowance shall be made for preparation or in conducting of experiments outside the courtroom by the expert. The judge in setting the fee on appeal is governed by the provisions of M.S.A. Sec. 357.25.

Appellant argues that each of the twenty-two respondents retained the same expert to conduct real estate appraisals of their individual lots; respondents' several actions were consolidated for trial requiring the appraiser to testify on only one day; therefore, when the twenty-two separate appraiser fee awards are cumulated, the result is a total expert witness fee of $1,650. Appellant contends that this total exceeds the Rule 11 limit of $300 per day for expert witness fees, and also improperly awards the expert for preparation of the individual appraisals for trial.

■ Rule 11 of the District Court Code of Rules does not impose an inflexible $300 per day limit on expert fees; the limit only "normally" applies. *Carpenter v. Mattison*, 300 Minn. 273, 280, 219 N.W.2d 625, 631 (1974). This view is bolstered by the language of Rule 11 that the judge setting

expert witness fees is governed by Minn. Stat. § 357.25. Explaining Minn.Stat. § 357.25, the Minnesota Supreme Court has noted:

> This statutory provision sets no maximum limits on the awardable amount, but expressly vests the trial judge with discretion to allow "such fees or compensation as, in his judgment may be just and reasonable."

*Id.* at 280, 219 N.W.2d at 631 (quoting Minn.Stat. § 357.25).

The district court awarded respondents their costs and disbursements in this proceeding, including a $75 appraiser fee submitted by respondents' expert. Respondents would not be precluded from recovering a $75 appraiser fee if they had retained different appraisers, or if their appeals were not consolidated for trial. There is no reason to bar such recovery when they retained the same appraiser and their several appeals were consolidated for trial.

Likewise, District Court Code Rule 11 cannot be held to disallow compensation for all preparations outside the courtroom. Minn.Stat. § 357.25 provides the trial court with the discretionary authority to award an expert witness just and reasonable compensation. Its exercise of discretion under § 357.25 is expected to be based in part on "pretrial preparation required in order to give this testimony." *Id.* at 281, 219 N.W.2d at 631 (construing Minn.Stat. § 357.25). Rule 11 may disallow fees for outside preparations which are merely convenient, but it does not disallow those necessary for testimony. The Minnesota Supreme Court has held that

a discretionary award of expert witness fees will be disturbed only in cases where abuse of discretion is apparent. *Id.* at 280, 219 N.W.2d at 631.

Respondents' real estate appraiser was trained, experienced, and well-acquainted with real estate in the North St. Paul area. He went to each of the twenty-two respondents' lots, took measurements and performed a market analysis, and testified in the district court hearing regarding his appraisal of each lot. Based on these considerations, the district court awarded respondents their costs and disbursements in this proceeding, including the $75 appraiser fee:

> The trial court had opportunity to hear the testimony and to base its decision, not only on the actual testimony, but on the rather extensive and time-consuming pretrial preparation required in order to give this testimony.

*Carpenter,* 300 Minn. at 280–81, 219 N.W.2d at 631. There is no showing that the district court abused its discretion.

### DECISION

We affirm the district court's de novo review of the special assessments, and its award of costs and disbursement to the several respondents.

Affirmed.