**In re the Appeal from SPECIAL ASSESSMENT FOR MAPLEWOOD PUBLIC PROJECT NO. 78–10 by V. George OXFORD, Jr., et al., Appellants,**

v.

**CITY OF MAPLEWOOD, RAMSEY COUNTY, Minnesota, Respondent.**

No. C9–84–989.

Court of Appeals of Minnesota.

Nov. 20, 1984.

John E. Daubney, St. Paul, for appellants.

Patrick J. Kelly, St. Paul, for respondent.

Heard, considered and decided by POPOVICH, C.J., and SEDGWICK and LESLIE, JJ.

## OPINION

POPOVICH, Chief Judge.

Appellants George and Pauline Oxford appealed from a storm sewer special assessment imposed on their property by respondent City of Maplewood. After an evidentiary hearing, the trial court upheld the assessment on the ground the total assessment for three improvements did not exceed the benefit to the property. We reverse.

## FACTS

During 1982 and 1983, the City instituted Project 78–10, consisting of a sanitary sewer, storm sewer and water systems running through Linwood Heights, a residential area. The Oxfords own 7.53 acres along Linwood Avenue and McKnight Road. Three structures are on the property: the Oxford residence; an oversized detached garage; and a large pole barn.

The Oxfords are in the disposal business. Operation of this business is a nonconforming use, for which they received a special use permit in 1966, two years after they purchased the property. That permit is still in effect.

The city decided to assess 100% of the cost of the three new improvements to the properties believed to be benefited. The contractor's bid included a separate dollar amount for each improvement and the separate cost for each improvement was ascertainable. The Oxfords were assessed the following:

| | |
|---|---|
| Storm Water Assessment | $24,299.74 |
| Water Main Service Assessment | 416.59 |
| Sanitary Sewer Service Assessment | 839.62 |
| Sanitary Sewer Extension Assessment | 9,854.50 |
| Total | $34,603.45 |

The parties stipulated the only issue on appeal to the trial court was the storm water system assessment of $24,299.74. This amount was arrived at by multiplying the area of the Oxford property not encumbered by the pond and pipe easements by .0913 per square foot. All property within the assessment district was assessed on the same basis.

At trial, Oxford's expert witness, William Dunn, testified the installation of the storm drainage system had a detrimental effect on the market value of Oxford's property without benefit to the market value of the property. He found that the sanitary sewer and water main systems benefited the market value of the land $12,500, exceeding those assessments.

The city's expert, Winfield Mitchell, testified the fair market value of the Oxford property, exclusive of the house and out buildings, increased $41,800 due to the installation of all three improvements. He

had no opinion on the economic benefits from the storm drainage system alone.

The trial judge ruled from the bench that the economic benefit to the property from the installation of the three improvements equaled or exceeded the total assessments, but issued no memorandum opinion.

### ISSUE

Did the trial judge err in ruling the benefit to appellant's property from the three assessments installed by the City was equal to or greater than the assessment levied when only the storm sewer assessment was challenged?

### ANALYSIS

■ Special assessments are intended to reflect the influence of a specific local improvement upon the value of the property. No matter what particular formula or method is used to establish the amount of the assessment, the real measure of benefits is the increase in the market value of the land as the result of the improvement. *Southview Country Club v. City of Inver Grove Heights*, 263 N.W.2d 385, 387–88 (Minn.1978).

■ A special assessment may not exceed the benefit the property receives from the improvement. If it does, the result is a taking of property in violation of the fourteenth amendment. *Quality Homes, Inc. v. Village of New Brighton*, 289 Minn. 274, 280, 183 N.W.2d 555, 559 (1971).

■ On review, where the sole issue is whether there has been an unconstitutional taking, the trial court cannot defer to the judgment of the taxing authority. *Lydon v. City of North St. Paul*, 355 N.W.2d 205 (Minn.1984) (quoting *Buettner v. City of St. Cloud*, 277 N.W.2d 199, 203 (Minn. 1979)).

Minn.Stat. § 429.051 (1982) provides:

The cost of any improvement, or any part thereof, may be assessed upon property benefited by the improvement, based upon the benefits received * * *.

*Id.* The total assessment may not exceed the cost of the improvement. League of Minnesota Cities, *Local Improvement Guide* 33 (1982).

■ In this matter, both parties stipulated that only the storm sewer assessment was appealed. Appellant and his expert witness testified the storm drainage system was a detriment to the land and of no benefit. The city's expert had no opinion concerning the effect of the storm sewer improvement alone on the market value of the property.

### DECISION

There was no credible evidence to support the trial court's finding that benefit to the Oxford property was $24,000 or greater as a result of the storm sewer improvement.

Under these facts, the trial court erred in affirming the total assessment of $24,-299.74 because only the storm sewer assessment was appealed. The storm sewer assessment is set aside.

Reversed.