James STINSON, Appellant,

v.

CLARK EQUIPMENT COMPANY, defendant and third-party plaintiff, Respondent.

LANO EQUIPMENT, INC., et al., Defendants and Third–Party Plaintiffs,

v.

MIDWEST BRASS & ALUMINUM, INC., Third–Party Defendant,

and

Lumbermen's Underwriting Alliance, Intervenor.

No. C4–90–2626.

Court of Appeals of Minnesota.

July 23, 1991.

Review Denied Sept. 13, 1991.

Steve Gaskins and Bradley J. Ayers, Cosgrove, Flynn, Gaskins & Haskell, Minneapolis, for appellant.

David G. Martin and Michael R. Doherty, Doherty, Rumble & Butler, P.A., St. Paul, for respondent.

Considered and decided by FOLEY, P.J., and HUSPENI and AMUNDSON, JJ.

## OPINION

FOLEY, Judge.

Appellant James Stinson challenges the district court's determination that a Rule 68 offer of judgment, plus costs and disbursements does not include prejudgment interest. Respondent Clark Equipment Company maintains the district court's award of costs and disbursements should be remanded or denied because the district court's findings were insufficient. We affirm in part, reverse in part and remand.

## FACTS

Stinson commenced this products liability action against Clark and others not party to this appeal on January 14, 1987. He alleges he was caught between the left arm and rollover protective structure of a Bobcat Skid–Steer Loader on September 5, 1986. Stinson allegedly suffered severe abdominal injuries and was hospitalized for over two months. The Bobcat was manufactured by Melroe, a business unit of Clark.

A two-week trial was scheduled to begin December 13, 1989. On November 22, 1989, Clark served Stinson with a Rule 68 offer of judgment that provided for a $240,000 judgment to be entered against Clark *plus costs and disbursements.* Stinson accepted the offer in writing on December 1, 1989. The trial court entered judgment on January 18, 1990, incorporating the offer of judgment and reserving the issue of prejudgment interest and taxation of costs.

Stinson petitioned the district court for costs and disbursements of $55,262 in prejudgment interest, $31,593.14 in expert fees, $8,773.92 in deposition costs and $5,347.32 in miscellaneous costs and disbursements. By a November 12, 1990 order, the district court awarded Stinson $31,-

813.35 in expert witness fees, $8,798.37 in deposition costs and disbursements and $4,594.16 in miscellaneous costs, and also denied prejudgment interest. Stinson appeals and Clark has filed a notice of review.

## ISSUES

1. Did the Rule 68 offer of judgment, plus costs and disbursements include prejudgment interest as a cost?

2. Did the district court abuse its discretion in its award of costs and disbursements?

## ANALYSIS

■ 1. The determination of reasonableness of costs is within the district court's discretion and will not be reversed unless there has been an abuse of that discretion. *Kletschka v. Abbott–Northwestern Hosp., Inc.,* 417 N.W.2d 752, 755 (Minn.App.1988), *pet. for rev. denied* (Minn. Mar. 30, 1988). A finding of fact may not be set aside unless it is clearly erroneous. Minn. R.Civ.P. 52.01. A district court's decision, however, is not binding on this court when the question is one of law. *Dahlheimer v. City of Dayton,* 441 N.W.2d 534, 536 (Minn.App.1989), *pet for rev. denied* (Minn. Aug. 15, 1989).

■ Stinson argues that, because the Rule 68 offer of judgment agreement is an enforceable money judgment, he is entitled to prejudgment interest. Minn.R.Civ.P. 68 provides in part:

At any time prior to ten days before the trial begins, any party may serve upon an adverse party an offer to allow judgment to be entered to the effect specified in the offer or to pay or accept a specified sum of money, with costs and disbursements then accrued, either as to the claim of the offering party against the adverse party or as to the claim of the adverse party against the offering party. Acceptance of the offer shall be made by service of written notice of acceptance within ten days after service of the offer. If the offer is not accepted within the ten-day period, it is deemed withdrawn. During the ten-day period

the offer is irrevocable. If the offer is accepted, either party may file the offer and the notice of acceptance, together with the proof of service thereof, and thereupon the court administrator shall enter judgment.

A purpose of prejudgment interest is to "promote settlements when liability and damage amounts are fairly certain and deter attempts to benefit unfairly from delays inherent in litigation." *Solid Gold Realty, Inc. v. Mondry,* 399 N.W.2d 681, 683 (Minn.App.1987). A valid Rule 68 offer of judgment, when accepted, is a contract. *Lange v. Johnson,* 295 Minn. 320, 326, 204 N.W.2d 205, 209 (1973). Where the intention of the contracting parties can be determined wholly from the writing, the contract construction is a question of law. *Empire State Bank v. Devereaux,* 402 N.W.2d 584, 588 (Minn.App.1987).

Here, a valid offer of judgment was accepted. Therefore, it is a contract. The offer of judgment agreement states:

James Stinson accepts the offer of defendant Melroe Company, a business unit of Clark Equipment Company, dated November 22, 1989, allowing plaintiff to take judgment in this action for $240,000, plus costs and disbursements accrued to the date of the offer. This offer of judgment is accepted on a Naig–Pierringer basis and solely against the defendant Melroe Company, a business unit of Clark Equipment Company.

Prejudgment interest was never raised, discussed or agreed upon.

The district court determined the Rule 68 offer of judgment agreement did not refer to prejudgment interest. The district court concluded prejudgment interest was not contemplated by the parties and, absent evidence to the contrary, it could not add a missing contract term. Thus, Stinson was not entitled to prejudgment interest.

Stinson maintains prejudgment interest is not a missing term. He argues "costs" include prejudgment interest and the offer of judgment agreement includes the word "costs." Stinson points to 2A Herr and Haydock, *Minnesota Practice,* § 54.18 (1985) as authority for the proposition that

prejudgment interest is a cost. The authors, however, note: "This cost should be distinguished from the awarding of interest on a judgment based on a contractual agreement." *Id.*

■ Stinson also argues that Minnesota statutes allow for prejudgment interest. Minn.Stat. § 549.09, subd. 1(b) (1990) provides:

Except as otherwise provided by contract or allowed by law, preverdict or prereport interest on pecuniary damages shall be computed * * * from the time of the commencement of the action * * *. The prevailing party shall receive interest on any judgment from the time the action was commenced or * * * until the time of verdict or report only if the amount of its offer is closer to the judgment than the amount of the opposing party's offer. * * * Except as otherwise provided by contract or allowed by law, preverdict or prereport interest shall not be awarded on the following:

\*      \*      \*      \*      \*      \*

(3) judgments for future damages;

Minn.Stat. § 549.09 contemplates situations where a settlement offer is made and later, after the case has been tried, a judgment is entered that is more or less than the offer. In that situation two figures are needed, the settlement offer and the judgment. Here, the offer and the judgment are the same.

Stinson points to *Higgins v. J.C. Penney Casualty Ins. Co.*, 413 N.W.2d 189 (Minn. App.1987), where this court awarded prejudgment interest on a lump sum judgment. *Id.* at 191. The case at hand, however, is distinguishable. In *Higgins*, the damages were readily ascertainable as a breach of contract award. Here, the parties agreed to damages for personal injury in the amount of $240,000 without differentiating between types of damages. We do not know if there are pecuniary damages, nor do we know the amount of future damages on which the statute explicitly disallows prejudgment interest. *See* Minn.Stat. § 549.09, subd. 1(b)(3). Because the types of damages are unascertainable, the amount of prejudgment interest is indeterminable. We find Minn.Stat. § 549.09 inapplicable here.

■ 2. Clark maintains that the district court's award of costs and disbursements should be denied or remanded for more detailed findings because the award was (1) related to some claims against other clients, and (2) included excessive deposition and expert witness costs. Clark further argues that the trial court did not make specific findings. We agree.

The award of costs and disbursements is within the district court's discretion and will not be reversed on appeal unless there is an abuse of discretion. *Striebel v. Minnesota State High School League*, 321 N.W.2d 400, 403 (Minn.1982). The key in determining whether an abuse of discretion has occurred is whether the costs are "reasonable and necessary." *Id.*

Ordinarily the district court has the opportunity to hear testimony. This was not the case here. The offer of judgment agreement was made prior to trial. There is no transcript to review. While Stinson submitted exhibits showing costs, this case initially involved several other defendants. It is not clear from the district court's findings if it considered the other parties in its award or whether the costs were reasonable and necessary.

Minn.R.Civ.P. 54.04 provides:

Costs and disbursements shall be allowed as provided by statute. Costs and disbursements may be taxed by the court administrator on two days' notice, and inserted in the judgment. The disbursements shall be stated *in detail and verified by affidavit*, which shall be filed, and a copy of such statement and affidavit shall be served with the notice. The party objecting to any item shall specify in writing the ground thereof; a party aggrieved by the action of the court administrator may file a notice of appeal with the court administrator who shall forthwith certify the matter to the court. The appeal shall be heard upon eight days' notice and determined upon the objections so certified.

(Emphasis added.) Here, the district court awarded $31,813.35 in expert witness fees, $8,798.37 in deposition transcript costs and $5,347.32 in miscellaneous costs and disbursements. The district court deleted the duplication of deposition preparation of McDowell Crane by subtracting $1,683.93 from the total claimed adjusted the amount for deposition transcripts for an error in addition. The court also

> adjusted downward the miscellaneous costs and disbursements * * * by deleting unsupported claims for courier, delivery and fax services, unspecified photocopies, meals, office supplies, unspecified long distance phone calls, mileage and parking fees, and two unspecified medical exams.

The district court, however, did not make findings with respect to all these matters

A. *Expert Witness Fees*

A discretionary award of expert fees will only be disturbed if there has been an abuse of discretion. *Carpenter v. Mattison,* 300 Minn. 273, 280, 219 N.W.2d 625, 631 (1974). Rule 11 of the District Court Code of Rules provides in part:

> The amount allowed shall be in such amount as is deemed reasonable for such services in the community where the trial occurred and in the field of endeavor in which the witness has qualified as an expert. No allowance shall be made for preparation or in conducting of experiments outside the courtroom by the expert. The judge in setting the fee on appeal is governed by the provisions of M.S.A. Sec. 357.25.

Minn.Stat. § 357.25 (1990) provides:

> The judge of any court of record, before whom any witness is summoned or sworn and examined as an expert in any profession or calling, may allow such fees or compensation as may be just and reasonable.

Here, Rule 11 has a narrow application because we are dealing with an agreement prior to trial. Rule 11 disallows outside preparation fees which are merely for convenience, but allows fees that are necessary for testimony. *Mohwinkel v. City of North St. Paul,* 357 N.W.2d 174, 177 (Minn.App.1984), *pet. for rev. denied* (Minn. Feb. 19, 1985). The district court has discretionary authority to award expert witness fees, including compensation for testimony preparation. *Id.*

■ Minn.Stat. § 357.22 (1990) allows an expert witness's travel expenses. To determine if the district court abused its discretion, however, the costs and disbursements must be in detail and verified by affidavit. Illustrative is *Spinett, Inc. v. Peoples Natural Gas Co.,* 385 N.W.2d 834 (Minn.App. 1986). In *Spinett,* this court looked at the documentation provided to the district court. The case was remanded for further findings because the evidence was inadequate for a determination on expert witness fees.

> There was no evidence of the normal hourly charges of * * * experts or of the hours they actually spent at trial or preparing for trial. The record does not make clear whether the trial court followed the directives of Rule 11.

*Id.* at 840.

Similarly in the instant case, the record does not evidence the expert witness hourly charges or the number of hours spent on trial preparation. There was a slight modification of expert witness fees claims and some minor deduction of expenses claimed, but absent findings, we are unable to determine what is reasonable and necessary.

We are at a loss as to the proper result in this matter, unless we are to grant carte blanche authority to the district court and allow Stinson whatever he asks in the way of costs and disbursements. Neither the evidence nor the district court's findings are sufficiently detailed for us to make a determination of whether there has been an abuse of discretion. Therefore, we remand to the district court for detailed and verifiable findings.

B. *Depositions*

■ The costs of taking depositions are allowable within the district court's discretion. *Reichert v. Union Fidelity Life Ins. Co.,* 360 N.W.2d 664, 668 (Minn.App.1985). Even if the depositions are not used, the

expenses of procurring depositions are taxable. *Larson v. Hill's Heating & Refrig.*, 400 N.W.2d 777, 783 (Minn.App.1987), *pet. for rev. denied* (Minn. Feb. 7, 1987). If the depositions, however, are cumulative or duplicative, the costs are not allowed. *Green–Glo Turf Farms, Inc. v. State*, 347 N.W.2d 491, 495 (Minn.1984). Minnesota law also provides:

> The legal fees paid for certified copies of the depositions of witnesses filed in any court administrator's office, or any documents or papers filed or recorded in any public office, necessarily used on trial of a cause or on the assessment of damages, shall be allowed in the taxation of costs. Any officer receiving fees shall, on demand, furnish *an itemized list* and receipt the same on payment. On refusal to do so, the officer shall be liable to the party paying the same for three times the amount paid. Every officer shall be entitled to the same fees for performing the same service.

Minn.Stat. § 357.31 (1990) (emphasis added).

The record lacks the requisite details to make clear if the deposition costs listed are legitimate. It is clear that an undisputed $8,000 in deposition fees has already been paid by Clark. The district court should consider this payment when determining the reasonable and necessary fees. We remand for more detailed findings.

## C. *Miscellaneous Costs and Disbursements*

Miscellaneous costs and disbursements consist of photocopying, long distance phone calls, FAX charges, parking and courier services. While the district court has the discretion to award these costs, there is nothing here supporting its determination. Neither the district court's memorandum nor the record gives the requisite detail. There is no basis to review its accuracy. As the supreme court has noted:

> The trial judge should * * * take a hard look at costs claimed. The judge is familiar with the needs of the case, its importance and the strategies involved.

*Romain v. Pebble Creek Partners*, 310 N.W.2d 118, 124 (Minn.1981).

The district court must take a harder look at the costs here to determine through findings what is reasonable and necessary. In our view, the exacting task of reviewing and recording with particularity the items claimed is the role of the district court, not the appellate court. In order to make proper findings in this case, the district court is directed to take oral testimony of all costs and disbursements with full opportunity for both direct and cross-examination so a full record is available for review if further appeal is taken.

Finally, in *Garrick v. Northland Ins. Co.*, 469 N.W.2d 709 (Minn.1991), the supreme court said that

> "it is against the analogies of the law to allow expenses of litigation beyond the costs allowed by statute, which, * * * however inadequate, are the measure of indemnity which the law provides."

*Id.* at 714 (quoting *Frost v. Jordan*, 37 Minn. 544, 546, 36 N.W. 713, 714 (1887). In the final analysis, costs and disbursements allowed must be both reasonable and necessary.

## DECISION

The district court correctly ruled that the Rule 68 offer of judgment agreement did not include prejudgment interest costs. The district court, however, did not make sufficient findings for review of reasonable and necessary costs and disbursements. In order to make proper findings in this case, the district court is directed to take oral testimony of all costs and disbursements with full opportunity for both direct and cross-examination so a full record is available for review if further appeal is taken. The trial court is not to review the matter of prejudgment interest.

Affirmed in part, reversed in part and remanded.